IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PETROCHOICE HOLDINGS, INC.
                Plaintiff,

   - against -

FRANCIS S. OROBONO, JR.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CIVIL ACTION

No. 19-6152-TJS

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on January 21, 2020 and submit the following report of their meeting for the court's consideration:

**1.**  **Discussion of Claims, Defenses and Relevant Issues**

You should assume that the court has read the complaint and is familiar with the claims. However, the facts supporting those claims and defenses are unknown. Therefore, counsel shall set forth concisely the factual background that the parties contend support their claims and defenses.

Summarize your discussion of primary issues, threshold issues and those issues on which the parties will need to conduct discovery. Identify what information each party needs in discovery as well as when and why. Also indicate likely motions and their timing.

**Plaintiff PetroChoice Holdings, Inc. ("PetroChoice") respectfully submits the following factual summary:**

**PetroChoice is a distributor and manufacturer of petroleum and ancillary products and services with over 50 offices located on the east coast and Midwest U.S. It provides services and products in 32 states and is headquartered in King of Prussia, Pennsylvania. PetroChoice alleges that Defendant Francis Orobono, Jr., of West Chester, Pennsylvania accessed PetroChoice's computer systems without authorization and downloaded approximately 5,000 documents, some of which contained its trade secrets and other confidential and/or propriety information (collectively "Trade Secrets"). Mr. Orobono then used these Trade Secrets to unfairly compete with PetroChoice by, among other things, soliciting PetroChoice's current customers through coordination with Jack Williams Tire Co. Inc. ("JWT"), Orobono's current employer. Orobono accessed and downloaded the Trade Secrets, unfairly competed with PetroChoice, and solicited existing clients, all in violation of a series of restrictive covenants that Orobono had agreed to, first as an employee of PetroChoice, and later as a consultant for PetroChoice, as well as a certain separation agreement and equity agreement. The pertinent contracts are annexed as Exhibits to Plaintiff's Complaint. It was only after Orobono's consulting contract with PetroChoice was terminated that it learned that Orobono had downloaded the approximately 5,000 documents on the eve of the consulting relationship's end.**

**The primary issues are to the extent to which Orobono disseminated and used the Trade Secrets and breached his various restrictive covenants and promises to PetroChoice**

2

in unfairly competing with PetroChoice and/or in soliciting existing clients. Threshold issues involve determining whether Orobono's conduct constituted violations of federal and state law relative to unauthorized access of computer systems and theft of Trade Secrets, e.g., Federal Defend Trade Secrets Act, 18 U.S.C. § 1831, *et seq*., Pennsylvania Uniform Trade Secrets Act, 12 Pa. Cons. Stat. § 5302, in addition to other statutory and common laws, as more fully set forth in PetroChoice's Complaint.

At this juncture, Plaintiff believes that it will require the services of an electronic/computer forensic analyst to determine where Orobono stored the Trade Secrets and to what extent and to whom the trade secrets were disseminated. Plaintiff is proposing a search of Orobono's electronic, messaging, and storage devices and applications, including computers, tablets, phones, email inboxes, and other storage/transmission mediums. Plaintiff also proposes conducting a similar search of JWT's electronic, messaging, and computer systems and applications.

Discovery will focus upon Orobono and JWT and its employees, as well as any clients that PetroChoice believes Orobono actually or attempted to solicit away from doing business with PetroChoice in favor of JWT, as well as certain petroleum suppliers or producers that may have information on solicitation of existing PetroChoice clients.

<u>Defendant Francis Orobono respectfully submits the following</u>:

Mr. Orobono was an employee of PetroChoice for years and, thereafter, acted as a consultant to PetroChoice. During the course of his employment and during the time Mr.

Orobono acted as a consultant, PetroChoice allowed Mr. Orobono access to their computer system, first through Citrix and subsequently through Microsoft 365. He had both a username and a password which enabled him to access the computer system at issue. The time period during which Mr. Orobono acted as a consultant was set to expire at the end of August, 2019. Prior to the expiration of the consulting agreement, Mr. Orobono needed to obtain a multitude of personal documents from the PetroChoice computer system. During the course of his employment and consulting agreement, Mr. Orobono utilized the PetroChoice computer system to store personal information including, but not limited to, personal financial records, tax returns, real estate documents, and Individualized Education Plan documents for Mr. Orobono's son.

During the course of 2019, Mr. Orobono asked several employees of PetroChoice for assistance with downloading his personal information as he was having difficulty accessing and downloading his own information. After receiving no assistance from PetroChoice's IT department or any other employee, Mr. Orobono downloaded his Microsoft One Drive in order to obtain his personal information, which included not only his personal documents but certain PetroChoice documents as well.

Mr. Orobono did not download the aforementioned information in order to compete with PetroChoice. More importantly, Mr. Orobono has not utilized any PetroChoice documents or information for the purpose of competing with PetroChoice. Mr. Orobono has delivered the two hard drives and one flash drive, which contain the information at issue, to defense counsel. At this preliminary stage, defense counsel has not accessed the

**downloaded documents and, therefore, cannot determine whether the information and documents could be considered either confidential or a trade secret.**

**Defense counsel anticipates utilizing the services of a forensic computer analyst to image and view the downloaded materials. Discovery will focus on the response of PetroChoice to Mr. Orobono's requests for assistance with obtaining his personal documents from the PetroChoice computer system, Mr. Orobono's access to the PetroChoice computer system, the alleged proprietary nature of the downloaded information, and any damages PetroChoice purportedly sustained.**

2.      Informal Disclosures

State the parties' agreement on timing, form and scope of informal disclosures. Specifically identify not only the information listed in Rule 26(a)(1), but any additional information the parties agree to disclose informally.

Keep in mind that self-executing discovery must not be delayed until the pretrial conference. If the parties have not made the Rule 26(a) initial disclosures within the time required by the Court's Order scheduling the pretrial conference, they should explain why not.

**The parties anticipate exchanging Rule 26(a)(1) disclosures on or by January 28, 2020, as set forth in the Court's January 14, 2020 Order. (Dkt. No. 10.)**

**Plaintiff anticipates disclosing approximately 5,000 documents downloaded by Defendant, together with emails pertaining to Defendant's request to access Plaintiff's computer system immediately prior to and after termination of the consulting agreement**

**between Plaintiff and Defendant. Plaintiff will also disclose relevant agreements containing restrictive covenants. Defendant will disclose communications with PetroChoice regarding Defendant's need to obtain his personal information from the PetroChoice computer system.**

**Much of the information expected to be exchanged are confidential in nature. Thus, entry of a protective order will be necessary.**

3.      **Formal Discovery**

Indicate nature, sequence and timing of formal discovery, as well as any need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions. Specifically delineate what discovery will be conducted formally.

The parties are required to address procedures to preserve electronically stored information, to avoid inadvertent privilege waivers, and to determine the form in which electronic information will be produced. The cost of producing the information must be discussed.

The discovery deadline should normally be no more than 120 - 150 days from the date of the Rule 16 pretrial conference. If the parties believe there are compelling reasons for a longer period of discovery, state them.

**The Parties contemplate issuing written discovery within the next 60 days, followed by fact witness depositions within 90 days thereafter. The Parties respectfully propose a**

**discovery end date of June 30, 2020. They further respectfully propose that dispositive motions be filed on or before July 31, 2020, with responses due 30 days thereafter.**

**The Parties have issued litigation hold letters to their respective clients. Defendant has turned over his hard drives and other storage devices to his counsel.**

4.     **Electronic Discovery**

It is expected that the parties will reach an agreement on how to conduct electronic discovery. In the event the parties cannot reach such an agreement before the Rule 16 scheduling conference, the Court will enter an order incorporating default standards. The default order can be viewed at www.paed.uscourts.gov.

The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) conference and shall be prepared to address e-discovery at the Rule 16 scheduling conference with the Court.

**Given the nature of the claims by Plaintiff, the Parties agree to produce electronically stored information in the native format with metadata intact when economically feasible.**

5.     **Expert Witness Disclosures**

Indicate agreement on timing and sequence of disclosure of the identity and anticipated testimony of expert witnesses, including whether depositions of experts will be needed.

The parties should expect that the Court requires expert reports to be exchanged simultaneously. If there are compelling reasons to stagger the production of expert reports, state them.

**The Parties anticipate that expert testimony may be needed as to the issue of computer forensic investigations, analysis, and results thereof, as well as on valuation issues relative to Plaintiff's damage claim and an industry expert. The Parties respectfully propose that the Parties designate expert witnesses by June 30, 2020, with Plaintiff's expert witness report(s) due on July 15, 2020 and Defendants expert report(s) due on August 15, 2020. Defendant believes that it will need 30 days to respond to Plaintiff's reports because Defendant is not in possession of the information necessary to value Plaintiff's alleged damages. Defendant should be afforded the opportunity to consider Plaintiff's expert analysis of the alleged damages and respond accordingly**

6.  **Early Settlement or Resolution**

The parties must familiarize themselves with Local Rule 53.3 before responding. Recite the parties' discussion about early resolution through ADR, motion or otherwise explain what steps were taken by counsel to advise the client of alternative dispute resolution options. Explain any decision not to seek early resolution and what mediation options the parties may consider and when mediation would be appropriate.

**The Parties have already engaged in early settlement discussions. These discussions have centered on the defendant and non-party JWT (defendant's current employer and**

**potential recipient of Plaintiff's trade secrets) permitting Plaintiff's electronic forensic consultant to conduct a search of relevant computer systems, messaging applications, and devices to ascertain if Plaintiff's Trade Secrets have been disseminated and used as alleged in Plaintiff's Complaint. Both Defendant and JWT have agreed to allow Plaintiff to conduct these searches. The Parties are currently in discussions as to the time frame and payment for these searches. Depending on the results of the searches, the Parties have also discussed the return of any of Plaintiff's Trade Secrets and the potential for a global resolution.**

7.    Trial date

If a date certain is requested, state the reasons. Generally, if requested, a firm trial date will be scheduled.

**The Parties respectfully propose a trial date of October 15, 2020.**

8.    Other Matters

Indicate discussion and any agreement on matters not addressed above.

**While the Parties are prepared to move forward with discovery, given that they are exploring early resolution of this matter, and given that such resolution is dependent upon the results of the forensic investigations of Orobono's devices and JWT's systems, the Parties respectfully request that the Court entertain the ability to stay this matter for 60 days while the investigation is ongoing and forensic analysis can be completed. At the**

**conclusion of the stay, the Parties further request that the dates proposed herein be extended by the duration of the stay.**

The Parties do not, respectfully, consent to trial or resolution of dispositive motions by a Magistrate Judge.

                                          /s/   Steven D. Urgo
                                          (Attorney Signature)

                                          /s/   Marry-Ellen H. Allen
                                          (Attorney Signature)

Dated this 22nd day of January, 2020.

                              Respectfully Submitted,

                              LEWIS BRISBOIS BISGAARD & SMITH LLP

                              By:  /s/   Steven D. Urgo
                                  Steven D. Urgo, ID No. 62773
                                  550 E. Swedesford Road, Suite 270
                                  Wayne, Pennsylvania 19087
                                  Telephone: 215.977.4078
                                  E-mail: steven.urgo@lewisbrisbois.com
                                  *Attorneys for Plaintiff*
                                  *PetroChoice Holdings, Inc.*

                                  Jon Jay Olafson
                                  1700 Lincoln Street, Suite 4000
                                  Denver, CO 80203
                                  Telephone: 303.861.7760
                                  Jon.Olafson@lewisbrisbois.com

                                  Kayla Dawn Dreyer
                                  1700 Lincoln Street, Suite 4000
                                  Denver, CO 80203
                                  Telephone: 303.861.7760
                                  Kayla.Dreyer@lewisbrisbois.com

                LAMB McERLANE PC

By: /s/   Marry-Ellen H. Allen
      Joel L. Frank, ID No. 46601
      Mary-Ellen H. Allen, ID No. 83885
      24 East Market Street
      Post Office Box 565
      West Chester, PA  19381-0565
      610-430-8000

      jfrank@lambmcerlane.com
      mallen@lambmcerlane.com
      *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January, 2020, the undersigned served the foregoing Rule 26(f) Memorandum upon counsel via ECF:

Joel L. Frank
Mary-Ellen H. Allen
Lamb McErlane PC
24 East Market Street
P.O. Box 565
West Chester, PA 19381-0565
jfrank@lambmcerlane.com

/s/ Steven D. Urgo
*A duly signed original is on file at the*
*Law Offices of LEWIS BRISBOIS*