IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PETROCHOICE HOLDINGS, INC.
                 Plaintiff,

- against -

FRANCIS S. OROBONO, JR.,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CIVIL ACTION

No. 2:19-6152-JMG

**JOINT STATUS REPORT**

In accordance with this Court's "Amended Notice of Status Conference" entered on April 29, 2020, the Parties, through undersigned counsel, submit the following Joint Status Report:

**1. Claims, Defenses and Relevant Issues**

Plaintiff PetroChoice Holdings, Inc.:

PetroChoice Holdings, Inc. ("PetroChoice") is a distributor and manufacturer of petroleum and ancillary products and services with over 50 offices located on the east coast and Midwest U.S. It provides services and products in 32 states and is headquartered in King of Prussia, Pennsylvania. PetroChoice alleges that its former longtime employee and consultant, Defendant Francis Orobono, Jr., of West Chester, Pennsylvania, accessed PetroChoice's computer systems without authorization and downloaded approximately 5,000 documents, some of which contained its trade secrets and other confidential and/or propriety information (collectively "Trade Secrets"). Mr. Orobono has represented to PetroChoice, through counsel,

that those files were downloaded and retained on one laptop computer that he used in his job with Jack Williams Tire Co. Inc. ("JWT") and which he no longer possesses.[1]

Mr. Orobono then used these Trade Secrets to unfairly compete with PetroChoice by, among other things, soliciting PetroChoice's current customers for the benefit of JWT, Orobono's current employer. Orobono accessed and downloaded the Trade Secrets, unfairly competed with PetroChoice, and solicited existing clients, all in violation of a series of restrictive covenants that Orobono had agreed to, first as an employee of PetroChoice, and later as a consultant for PetroChoice, as well as a certain separation agreement and equity agreement. The pertinent contracts are annexed as Exhibits to Plaintiff's Complaint. It was only after Orobono's consulting contract with PetroChoice was terminated that it learned that Orobono, without authorization from PetroChoice had accessed PetroChoice's computer systems and downloaded the approximately 5,000 documents on the eve of the consulting relationship's end.

PetroChoice believes that the primary factual issues in this matter are the extent to which Orobono disseminated and used the Trade Secrets and breached his various restrictive covenants and promises to PetroChoice in unfairly and unlawfully competing with PetroChoice and/or in soliciting existing clients. Threshold issues involve determining whether Orobono's conduct constituted violations of federal and state law relative to unauthorized access of computer systems and theft of Trade Secrets, e.g., Federal Defend Trade Secrets Act, 18 U.S.C. § 1831, *et seq.*, Pennsylvania Uniform Trade Secrets Act, 12 Pa. Cons. Stat. § 5302, in addition to other statutory and common laws, as more fully set forth in PetroChoice's Complaint.

---

[1] Mr. Orobono initially represented that the 5,000 files were contained across three storage devices in his custody and control, which he provided to his counsel for preservation purposes. PetroChoice subsequently learned after receiving access to the three storage devices that the 5,000 files were not in fact contained on those devices.

At this juncture, PetroChoice has retained the services of an electronic/computer forensic analyst to determine where Orobono stored the Trade Secrets and to what extent and to whom the Trade Secrets were disseminated. PetroChoice has thus far searched the three storage devices, which were provided to PetroChoice's counsel by Mr. Orobono, to identify and remove confidential and proprietary information and trade secrets contained thereon. Through discovery, PetroChoice anticipates also forensically imaging or accessing, and searching, Orobono's phones, email and cloud accounts, and other storage/transmission mediums since these are all mediums by which Orobono could have disseminated the Trade Secrets and since Orobono's prior representations about using only three storage devices turned out to be inaccurate.

Discovery will focus upon Mr. Orobono, any clients that PetroChoice believes Mr. Orobono actually or attempted to solicit away from doing business with PetroChoice, and certain petroleum suppliers or producers that may have information on solicitation of existing PetroChoice clients.

Defendant Francis Orobono:

Mr. Orobono was an employee of PetroChoice for years and, thereafter, acted as a consultant to PetroChoice. During the course of his employment and during the time Mr. Orobono acted as a consultant, PetroChoice allowed Mr. Orobono access to their computer system, first through Citrix and subsequently through Microsoft 365. He had both a username and a password which enabled him to access the computer system at issue. The time period during which Mr. Orobono acted as a consultant was set to expire at the end of August, 2019. Prior to the expiration of the consulting agreement, Mr. Orobono needed to obtain a multitude of

personal documents from the PetroChoice computer system. During the course of his employment and consulting agreement, Mr. Orobono utilized the PetroChoice computer system to store personal information including, but not limited to, personal financial records, tax returns, real estate documents, and Individualized Education Plan documents for Mr. Orobono's son.

During the course of 2019, Mr. Orobono asked several employees of PetroChoice for assistance with downloading his personal information as he was having difficulty accessing and downloading his own information. After receiving no assistance from PetroChoice's IT department or any other employee, Mr. Orobono downloaded his Microsoft One Drive in order to obtain his personal information, which included not only his personal documents but certain PetroChoice documents as well.

Mr. Orobono did not download the aforementioned information in order to compete with PetroChoice. More importantly, Mr. Orobono has not utilized any PetroChoice documents or information for the purpose of competing with PetroChoice. Mr. Orobono has delivered the two hard drives and one flash drive, which contain the information at issue, to defense counsel. At this preliminary stage, defense counsel has not accessed the downloaded documents and, therefore, cannot determine whether the information and documents could be considered either confidential or a trade secret.

Defense counsel anticipates utilizing the services of a forensic computer analyst to image and view the downloaded materials. Discovery will focus on the response of PetroChoice to Mr. Orobono's requests for assistance with obtaining his personal documents from the PetroChoice computer system, Mr. Orobono's access to the PetroChoice computer system, the

alleged proprietary nature of the downloaded information, and any damages PetroChoice purportedly sustained.

## 2. Procedural Posture

Mr. Orobono has not answered the Complaint yet but has filed a partial motion to dismiss Counts III (violation of the Computer Fraud & Abuse Act), VII (Breach of the Duty of Loyalty), VIII (Tortious Interference with Contract), and IX (Intentional Interference with Contract Relations). The motion is fully briefed and the Parties are awaiting the Court's ruling.

The current deadlines control in this matter:

- 2/12:  Amended pleadings/joinder of parties deadline
- 6/26:  Fact discovery cutoff
- 6/26:  Affirmative expert disclosure
- 7/10:  Rebuttal expert disclosure
- 7/24:  Expert depositions
- 7/28:  Settlement conference position statements due to Magistrate Judge
- 8/4:   Settlement Conference
- 8/7:   Dispositive Motions and *Daubert* Motions due
- 8/21:  Responses to Dispositive Motions and *Daubert* Motions due
- 8/28:  Exhibits to be exchanged
- 9/4:   Pretrial memos due to Court
- 9/11:  Motions in Limine and proposed Jury Instructions due
- 9/21:  Responses to Motions in Limine due
- 9/29 at 10 a.m.: Final Pretrial Conference

The Parties contemplate issuing written discovery within the next two weeks, followed by fact witness depositions within 90 days thereafter. PetroChoice respectfully proposes that all of the deadlines be extended by four months because it was delayed in its fact-finding because it was not provided access to the device containing the 5,000 downloaded files as initially promise. Upon information and belief, the device is in the possession and control of JWT, a nonparty. Moreover, Mr. Orobono has not yet answered the Complaint and PetroChoice cannot conduct

discovery into any of his responses or putative affirmative defenses (because they are completely unknown to PetroChoice). The current public health emergency has also prejudiced PetroChoice in diligently prosecuting its claims.

The Parties are also currently working together to draft a mutually agreeable stipulated protective order to aid in the exchange of sensitive information in this case.

**3. Trial date**

Trial is scheduled to commence on October 1, 2020. PetroChoice requests that trial be rescheduled for the reasons set forth above.

**4. Other Matters**

The Parties have conducted an initial search of three storage drives of Mr. Orobono, and PetroChoice identified 452 files which it believes contain its confidential and proprietary information and trade secrets. After Mr. Orobono's counsel reviews those 452 files for accuracy, some (or potentially all) of the files will be permanently removed from Mr. Orobono's storage drives. In the interim, PetroChoice has been attempting to gain access to the laptop containing the 5,000 downloaded files that is in the custody and control of JWT. The Parties have also exchanged settlement demands but resolution has not been reached.

/s/   *Kayla Dawn Dreyer* _____
(Attorney Signature)

/s/   *Mary-Ellen H. Allen*_____
(Attorney Signature)

Dated this 8th day of May, 2020.

                Respectfully Submitted,

                LEWIS BRISBOIS BISGAARD & SMITH LLP

                By: /s/ *Kayla Dawn Dreyer*
                    Steven D. Urgo, ID No. 62773
                    550 E. Swedesford Road, Suite 270
                    Wayne, Pennsylvania 19087
                    Telephone: 215.977.4078
                    steven.urgo@lewisbrisbois.com

                    Jon Jay Olafson
                    1700 Lincoln Street, Suite 4000
                    Denver, CO 80203
                    Telephone: 303.861.7760
                    Jon.Olafson@lewisbrisbois.com

                    Kayla Dawn Dreyer
                    1700 Lincoln Street, Suite 4000
                    Denver, CO 80203
                    Telephone: 303.861.7760
                    Kayla.Dreyer@lewisbrisbois.com

                    *Attorneys for Plaintiff*
                    *PetroChoice Holdings, Inc.*


                LAMB McERLANE PC

                By: /s/ *Mary-Ellen H. Allen*
                    Joel L. Frank, ID No. 46601
                    Mary-Ellen H. Allen, ID No. 83885
                    24 East Market Street
                    Post Office Box 565
                    West Chester, PA 19381-0565
                    610-430-8000
                    jfrank@lambmcerlane.com
                    mallen@lambmcerlane.com

                    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 8th day of May, 2020, the undersigned served the foregoing **JOINT STATUS REPORT** upon counsel via ECF:

Joel L. Frank
Mary-Ellen H. Allen
Lamb McErlane PC
24 East Market Street
P.O. Box 565
West Chester, PA 19381-0565
jfrank@lambmcerlane.com
mallen@lambmcerlane.com

                              /s/____*Kayla Dawn Dreyer*_____
                              *A duly signed original is on file at the*
                              *Law Offices of LEWIS BRISBOIS*