**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

PETROCHOICE HOLDINGS, INC.          :
        Plaintiff,          :
                 :          CIVIL ACTION
     v.          :
                 :          NO.:  19-6152
FRANCIS S. OROBONO, JR.          :
        Defendant.          :
_____:

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT FRANCIS S. OROBONO, JR.**

Defendant Francis S. Orobono, Jr. by and through his attorneys, Lamb McErlane PC, hereby files this Answer with Affirmative Defenses to Plaintiff's Complaint, in accordance with the numbered paragraphs as follows:

1.      Denied. The remainder of Plaintiff's Complaint and nature of the action speaks for itself. Any statement made inconsistent therewith is denied. To the extent a factual response is required, the allegations are denied.

2.      Denied.

3.      Denied.

4.      The relief Plaintiff seeks speaks for itself and any statement made inconsistent therewith is denied. The allegations set forth in this paragraph are denied and it is denied that Plaintiff is entitled to the requested relief.

5.      Upon information and belief, admitted.

6.      Admitted in part, denied in part. Defendant's last title while employed by PetroChoice was Vice President Strategic Accounts. The remaining allegations are admitted.

7.      The averments contained in this paragraph are conclusions of law to which no response is required. By way of further response, Plaintiff's claim for violation of the Computer Fraud and Abuse Act was withdrawn by stipulation.

8.      The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

9.      The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

10.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

11.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph.

13.     Upon information and belief, admitted.

14.     Upon information and belief, admitted.

15.     Upon information and belief, admitted.

16.     Denied.

17.     Admitted with the exception of the allegation regarding the number of employees, which Defendant cannot admit or deny.

18.     Admitted.

19.     Admitted.

20.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

21.     Admitted in part, denied in part. It is admitted only that Defendant was Regional Vice President of Sales responsible for the northeast region. Any allegation to the contrary is denied.

22.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

23.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

24.     The averment contained in this paragraph is a conclusion of law to which no response is required.

25.     The Employment Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

26.     The Employment Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

27.     The Employment Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

28.     The Employment Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

29.     The Employment Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

30.     The Employment Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

31.     The Employment Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

32.     The Employment Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

33.     The averment contained in this paragraph is a conclusion of law to which no response is required. To the extent a factual response is required, the Employment Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

34.     The averment contained in this paragraph is a conclusion of law to which no response is required. To the extent a factual response is required, the Securities Rollover Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

35.     The Securities Rollover Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

36.     The Securities Rollover Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

37.     The averment contained in this paragraph is a conclusion of law to which no response is required.

38.     The Securities Rollover Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

39.     The Securities Rollover Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

40.     The Securities Rollover Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

41.     The Securities Rollover Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

42.     The Securities Rollover Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

43.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

44.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

45.     The averment contained in this paragraph is a conclusion of law to which no response is required.

46.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

47.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

48.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

49.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

50.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

51.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

52.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

53.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

54.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

55.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

56.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

57.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

58.     The Management Equity Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

59.     Admitted.

60.     Admitted.

61.     The Separation Agreement and Consulting Agreement are documents which speak for themselves and any statement made inconsistent therewith is denied.

62.     The Separation Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

63.     The Separation Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

64.     The Separation Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

65.     The Separation Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

66.     Admitted in part. It is admitted that Plaintiff and Defendant entered into the Consulting Agreement. The Consulting Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

67.     The Separation Agreement and the Consulting Agreement are documents which speaks for themselves and any statement made inconsistent therewith is denied.

68.     The Separation Agreement is a document which speaks for itself and any statement made inconsistent therewith is denied.

69.     Admitted.

70.     Denied. To the contrary, Defendant apprised two employees of his employment with JWT within six to eight weeks of the date his employment commenced.

71.     Admitted in part, denied in part. It is denied that PetroChoice desired to close the transaction within six months. To the contrary, PetroChoice expressed desire to close the transaction within sixty to ninety days. The remaining allegations are admitted.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied. To the contrary, JWT asked PetroChoice about selling the Chemical Division to JWT.

76.     Upon information and belief, admitted.

77.     Admitted in part. It is admitted that Defendant Orobono was aware of a business relationship between JWT and PetroChoice. The remainder of this allegation is a conclusion of law to which no response is required and is, therefore, denied.

78.     Denied.

79.     Admitted in part, denied in part. It is admitted that JWT is a customer of PetroChoice. Defendant is without knowledge or information sufficient to form a belief as to the significance of or revenue produced by this customer relationship.

80.     Denied. To the contrary, Defendant properly disclosed JWT as a potential partner to PetroChoice. The PetroChoice project team approved JWT as potential partner/buyer of the ESD.

81.     Denied. It is denied that the relationship between JWT and Defendant was a "surprising last minute disclosure". Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

82.     Denied. Defendant is without knowledge or information as to the truth of Plaintiff PetroChoice's prospects. The remaining allegations are denied as conclusions of law.

83.     Denied.

84.     Upon information and belief, admitted.

85.     Admitted.

86.     Denied. The averments contained in this paragraph are conclusions of law to which no response is required and are, therefore, denied. To the extent a factual response is required, the allegations are denied.

87.     Admitted.

88.     Admitted in part, denied in part. Defendant's oversight was limited to the Pennsylvania, Delaware, New Jersey and Maryland. The remaining allegations are admitted.

89.     Admitted in part, denied in part. At the referenced time, PetroChoice was not distributing lubricants manufactured by Wynn's. The remaining allegations are admitted.

90.     Defendant was not involved in such transactions and, as such, does not have sufficient knowledge to form a belief as to the truth of the allegations in this paragraph.

91.     Admitted.

92.     It is admitted only that PetroChoice and Valvoline exchanged information. Any characterization or conclusion of law regarding such information is denied.

93.     Admitted in part, denied in part. It is admitted that such information was on the PetroChoice network. Defendant denies certain information contained therein is confidential.

94.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

95.     Denied.

96.     Denied.

97.     Denied. It is denied that PetroChoice was not aware that Defendant had a username, password, and access to Microsoft 365 as part of PetroChoice's initiative to move away from Citrix. In fact, PetroChoice employees emailed Defendant through the Microsoft 365 platform during the course of his consulting term and Defendant responded to such emails through the same platform.

98.     Denied.

99.     Denied. To the contrary, PetroChoice employee Josh Shoenberger informed Defendant that he was authorized to access the Microsoft 365 platform as a consultant, which included access to the email server and PetroChoice files.

100.    Denied.

101.    Admitted in part, denied in part. It is admitted that Defendant did access PetroChoice's system on multiple occasions in August of 2019. Defendant cannot admit or deny such dates. It is denied that Defendant accessed PetroChoice's system without authorization.

102.    Denied as stated. Defendant conducted said download in order to secure his own personal information and files contained on the PetroChoice network after requesting assistance with same from multiple PetroChoice employees.

103.    Admitted in part, denied in part. It is admitted that certain PetroChoice information was included in the download. Defendant cannot admit or deny the full contents of said download.

104.    Defendant is without knowledge or information as to the results of PetroChoice's investigation and cannot form a belief as to the truth of the averment of this paragraph.

105.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph.

106.    Admitted in part, denied in part. Defendant admits that he utilized his PetroChoice issued username and password to log into PetroChoice's network in August of 2019. Defendant cannot confirm the dates of same.

107.    Denied.

108.    It is admitted only that Defendant is aware that the Kennedy Group Dealership ended its chemical supply account with PetroChoice.

109.    Admitted in part, denied in part. It is admitted that Defendant started distributing and soliciting chemicals products at the direction of JWT for a very limited period of time. It is denied that Defendant utilized any PetroChoice information. It is further denied that Defendant utilized any PetroChoice information to initiate a business relationship on JWT's behalf with Wynn's chemicals.

110.    It is admitted only that Wynn's is a competitor of Valvoline's.

111.    Denied.

112.    Admitted in part, denied in part. It is admitted that in the time period prior to Defendant's employment, JWT was not competitive with PetroChoice. To the extent this averment implies that Defendant is responsible for the facts asserted, such averment is denied.

113.    Denied.

114.    Denied.

115.    Admitted in part, denied in part. It is admitted that PetroChoice and JWT had communications regarding potential sale of the chemicals division. The remaining allegations are denied. It is further denied that PetroChoice lost the Kennedy account as a result of any actions by Defendant.

116.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph and strict proof thereof is demanded at time of trial.

117.    Denied.

118.    The averment contained in this paragraph is a conclusion of law to which no response is required.

119.    Denied.

120.     Denied as stated. To the extent this averment implies that Defendant is or has utilized PetroChoice's confidential information, such allegation is denied.

121.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment regarding PetroChoice's knowledge.

122.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph.

123.     Denied.

124.     The averment contained in this paragraph is a conclusion of law to which no response is required. By way of further response, the Agreements referenced in this allegation are documents which speak for themselves and any statement made inconsistent therewith is denied.

125.     Denied.

126.     Denied.

127.     Admitted in part, denied in part. It is admitted that Defendant is employed by JWT in an executive role. The remaining allegations are denied.

## COUNT I
## Misappropriation of PetroChoice's Trade Secrets Pursuant to the Federal Defend Trade Secrets Act, 18 U.S.C. § 1831, *et seq*.

128.     Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

129.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

130.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

131.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

132.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

133.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

134.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied. To the extent a factual response is required, the allegations are denied.

139.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

140.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

141.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

142.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

**COUNT II**
**Misappropriation of PetroChoice's Trade Secrets Pursuant to the**
**Pennsylvania Uniform Trade Secrets Act**

143.     Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

144.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

145.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

146.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

147.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

148.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

149.     Denied.

150.     Denied.

151.     Denied.

152.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied. To the extent a factual response is required, the allegations are denied.

153.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

154.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

155.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

156.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

## COUNT III
## Violation of the Computer Fraud and Abuse Act, 18 U.S.C.§ 1030(e)(2)

### *Dismissed by Stipulation Approved by the Court*

## COUNT IV
## Breach of Contract – Management Equity Agreement

165.    Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

166.    Admitted.

167.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

168.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

169.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

170.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

171.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

172.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

## COUNT V
## Breach of Contract – Separation Agreement and General Release

173.     Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

174.     Admitted that Defendant executed the Separation Agreement and General Release. The Separation Agreement and General Release attached to the Complaint is not executed by Plaintiff.

175.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

176.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

177.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

178.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

179.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

## COUNT VI
## Breach of Contract – Consulting Agreement

180.     Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

181.    It is admitted only that Defendant executed the Consulting Agreement. The Consulting Agreement attached to the Complaint has not been executed by Plaintiff.

182.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

183.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

184.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

185.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

186.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

**COUNT VII**
**<u>Breach of the Duty of Loyalty</u>**

187.    Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

188.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

189.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

190.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

17

191.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

## COUNT VIII
## <u>Tortious Interference with Contract</u>

192.    Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

193.    The allegation in this paragraph is regarding PetroChoice and JWT and does not involve Defendant. Defendant cannot confirm or deny the contractual relationship or agreements between PetroChoice and JWT, who is not a party to this action.

194.    Admitted only that Defendant was aware of a business relationship between PetroChoice and JWT.

195.    Admitted.

196.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

197.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

198.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

199.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

## COUNT IX
## <u>Intentional Interference with Prospective Contractual Relations</u>

200.    Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

201.    The allegation in this paragraph is regarding PetroChoice and JWT and does not involve Defendant. Defendant cannot confirm or deny the contractual relationship or agreements between PetroChoice and JWT, who is not a party to this action.

202.    Admitted only that Defendant was aware of a business relationship between PetroChoice and JWT.

203.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied. To the extent a factual response is required, such allegation is denied.

204.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied. To the extent a factual response is required, such allegation is denied.

205.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied. To the extent a factual response is required, such allegation is denied.

206.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

207.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied. To the extent a factual response is required, the allegations are denied.

208.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

209.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

## COUNT X
## Conversion

210.     Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

211.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

212.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

213.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

214.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

215.     The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

## COUNT XI
## Unjust Enrichment

216.     Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth at length herein.

217.    The Separation Agreement is a document that speaks for itself and any statement made inconsistent therewith is denied.

218.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

219.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

220.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

221.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

222.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

223.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

## COUNT XII
## Preliminary and Permanent Injunction

224.    Defendant incorporates the preceding paragraphs of this Answer as if fully set forth at length herein.

225.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

226.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

227.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

228.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

229.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

230.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

231.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

232.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

233.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

234.    The averment contained in this paragraph is a conclusion of law to which no response is required and is, therefore, denied.

WHEREFORE, Defendant Francis S. Orobono, Jr. respectfully requests that the Court enter judgment in his favor and against Plaintiff, together with costs, disbursements, and attorney's fees and any further relief deemed appropriate by this Court.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Defendant has obtained limited discovery from Plaintiff in connection with this action, and therefore, Defendant reserves the right to amend or otherwise supplement this pleading on that

basis. Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in its Answer, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a viable claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not sustained any damages.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has sustained damages, which Defendant denies, such damages were not caused by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has sustained damages, which Defendant denies, such damages were caused by a third party.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has sustained damages, which Defendant denies, such damages were caused by Plaintiff's own actions or inactions.

### SIXTH AFFIRMATIVE DEFENSE

The restrictive covenants at issue in this matter are not reasonable in terms of time and/or geography, and serve no legitimate business interest.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant has fulfilled any legitimate obligation imposed by the agreements attached to Plaintiff's Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

At all times, Defendant accessed Plaintiff's network with his PetroChoice issued username and password.

## NINTH AFFIRMATIVE DEFENSE

Defendant has not utilized any of Plaintiff's protected information or confidential information or trade secrets for any purpose other than his employment and/or consulting relationship with Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The restrictive covenants set forth in each of the agreements attached to Plaintiff's Complaint fail as a matter of law.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant has not solicited any customer of Plaintiff for any purpose other than tire sales and the equipment service business.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for Breach of Duty of Loyalty (Count VII), Tortious Interference with Contract (Count VIII), Intentional Interference with Prospective Contractual Relations (Count IX), Conversion (Count X), and Unjust Enrichment (Count XI) are barred by the gist of the action doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for injunctive relief is barred because it has an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Certain provisions of the agreements attached to Plaintiff's Complaint are void as overbroad restrictions on competition in violation of Pennsylvania public policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that Defendant is the cause of Plaintiff's loss of the Kennedy account.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a viable cause of action pursuant to Federal Defend Trade Secrets Act, 18 U.S.C. §1839, or the Pennsylvania Uniform Trade Secrets Act, 12 Pa.C.S.A. §5302.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a viable cause of action for breach of the Management Equity Agreement (Count IV).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a viable cause of action for breach of the Separation Agreement and General Release (Count V).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a viable cause of action for breach of the Consulting Agreement (Count VI).

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a viable cause of action for breach of duty of loyalty (Count VII).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a viable cause of action for tortious interference with contractual or prospective contractual relations (Counts VIII and IX).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a viable cause of action for conversion (Count X).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a viable cause of action for unjust enrichment (Count XI).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver and consent.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of failure of consideration.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of justification.


**LAMB McERLANE PC**

BY:   *s/Mary-Ellen H. Allen*
      Joel L. Frank
      I.D. No. 46601
      Mary-Ellen H. Allen
      I.D. No. 83885
      24 East Market Street
      Post Office Box 565
      West Chester, PA  19381-0565
      610-430-8000
      jfrank@lambmcerlane.com
      mallen@lambmcerlane.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that in this case complete copy of the foregoing Defendant's Answer to Complaint and Affirmative Defenses has been filed electronically and is available for viewing and downloading from the ECF system.  This document is being served upon the following counsel by electronic filing and service procedures:

| <u>Name</u> | <u>Means of Service</u> | <u>Date of Service</u> |
|---|---|---|
| Steven D. Urgo, Esquire<br>Jon J. Olafson, Esquire<br>Kayla D. Dreyer, Esquire<br>Lewis Brisbois Bisgaard & Smith<br>550 E. Swedesford Road, Suite 270<br>Wayne, PA 19087 | Electronic Filing | September 18, 2020 |

**LAMB McERLANE PC**

Date:   September 18, 2020          BY:   *s/Mary-Ellen H. Allen*
                                          Joel L. Frank
                                          I.D. 46601
                                          Mary-Ellen H. Allen
                                          I.D. No. 83885
                                          24 East Market Street
                                          Post Office Box 565
                                          West Chester, PA  19381-0565
                                          610-430-8000
                                          jfrank@lambmcerlane.com
                                          mallen@lambmcerlane.com