IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| PETROCHOICE HOLDINGS, INC. : <br> Plaintiff, : <br> : <br> - against - : <br> : <br> FRANCIS S. OROBONO, JR., : <br> : <br> Defendant. : | <u>CIVIL ACTION</u> <br><br> No. 19-6152-JMG |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

: 
: 
x

**<u>OPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER</u>**

Plaintiff PetroChoice Holdings, Inc. ("PetroChoice"), by and through counsel, respectfully requests this Court enter the attached proposed Protective Order brought pursuant to FED. R. CIV. P. 26(c) to mark certain documents exchanged in this matter as confidential or highly confidential, and prohibit those designated documents from being publicly available via the Court's docket, from public disclosure generally, and from being used otherwise for purposes outside the litigation, and as set forth in more detail in the proposed Protective Order. This Motion is opposed to the extent the proposed Protective Order permits the parties to designate certain material as "highly confidential" (commonly known as "attorney's eyes only").

This Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression or undue burden or expense requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way. FED. R. CIV. P. 26(c)(1). Here, good cause exists for the entry of the proposed Protective Order, as it is necessary so that PetroChoice's protected, private,

confidential, trade secret and business proprietary information is not put at risk by its discoverability within this litigation.  The proposed Protective Order provides the least restrictive means to protect PetroChoice's confidential and business-proprietary information, which comprises the factual bases of PetroChoice's claims against Defendant for, among others, violating the Defend Trade Secrets Act, breaching the non-compete agreement and restrictive covenants he has with PetroChoice by unlawfully competing, and tortiously interfering with PetroChoice's contracts by attempting to solicit its customers away.  PetroChoice is willing to produce relevant trade secret and/or confidential/proprietary information in response to Defendant's discovery requests, subject to entry of an appropriate Protective Order.  A Protective Order containing a "highly confidential" designation is necessary so that discovery can proceed without delay while ensuring that this information is not put at risk by its disclosure.

The proposed Protective Order does not affect the scope of allowable discovery, and permits Defendant to obtain all discovery to which he is entitled.  Even more importantly, entry of the proposed Protective Order will permit discovery to proceed without delay.  The proposed Protective Order would also provide the necessary protection for Defendants' confidential information by prohibiting its use for purposes not related to the present litigation, and limiting disclosure to individuals connected to this litigation. The Protective Order also permits the designation of certain material as "highly confidential," which Defendant would not be permitted to view or possess, and is the source of the parties' dispute.[1]

---

[1] The proposed Protective Order defines "Highly Confidential Information" to mean any Confidential Information that constitutes highly sensitive commercial or personal information which, if disclosed, could reasonably result in possible commercial, financial, or business harm to a Disclosing or Designating party or compromise a Disclosing or Designating party's security or financial information.

There are numerous categories of documents that PetroChoice contends Defendant should not be permitted to view or access, primarily because such material constitutes trade secret and/or other confidential research, development, or commercial and financial information. Disclosure of this material to Defendant would be harmful to PetroChoice's commercial position in light of his ongoing work for a direct competitor, in violation of the restrictive covenants (i.e. noncompete, non-disclosure, and non-solicitation agreements) contained in various agreements to which he acquiesced.  (See Dkt. No. 1-1–1-4.)  PetroChoice has been, and will continue to be, damaged by Defendant's ongoing unlawful competition, and his possession of PetroChoice's highly confidential information will harm PetroChoice in numerous ways, including as follows:

- If Defendant shares PetroChoice's Highly Confidential Information with his new employer and a direct competitor, it puts the entirety of its business in peril and threatens the existence of the company.

- Such Highly Confidential Information and trade secrets may include without limitation vendors, customers, and/or supplies lists; PetroChoice's preferred rates and contractual terms with certain vendors, suppliers, and customers; PetroChoice's cost-savings models; and financial information.

- Given the history between the parties and Defendant's failure to abide by his noncompete agreement, PetroChoice should not have to take Defendant's word that he won't share this sensitive information with others.

Thus, PetroChoice can demonstrate that disclosure of the subject material to Defendant will be harmful.

Further, a party has no fundamental right to review certain information, because the purpose of limited disclosure to only attorneys is a "routine feature of civil litigation involving trade secrets." *See Bobrick Washroom Equip., Inc. v. Scranton Prods.*, No. 3:14-CV-00853, 2017 U.S. Dist. LEXIS 32894, at *12–13 (M.D. Pa. Mar. 8, 2017) (quoting *Paycom Payroll,*

*LLC v. Richison*, 758 F.3d 1198, 1202 (10th Cir. 2014)).  Moreover, the goal of limited disclosure is to prevent a party from viewing the sensitive information while nevertheless allowing the party's lawyers to litigate on the basis of that information.  *Richison*, 758 F.3d at 1202.  Moreover, pursuant to the proposed Protective Order, Defendant's outside experts and non-party consultants, and their technical, secretarial, clerical or to other personnel employees, who have agreed to be bound by the order, are permitted to review "highly confidential" information. (Prot. Order § 20). Defendant can work with experts and other non-party consultants to review the information at issue to assist him with preparing his case.  Further, the parties can mutually agree to allow certain persons access to the documents if they acquiesce to the strictures of the protective order.  *Id.*

All of the relevant considerations weigh in PetroChoice's favor.  PetroChoice' harm is not illusory, and is of the gravest concern to PetroChoice.  Defendant selected employment he knew violated his noncompete restriction.  At this time, PetroChoice believes the risk of harm is simply too great to hand over its highly valuable materials to Defendant (and ostensibly his employer).

Thus, for good cause shown, Defendant requests that the Court enter the attached proposed Protective Order governing the use of the confidential and highly confidential information produced in this case.

Dated this 2nd day of November, 2020.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  _/s/ Kayla Dawn Dreyer_
     Steven D. Urgo
     550 E. Swedesford Road, Suite 270
     Wayne, Pennsylvania 19087
     Telephone: 215.977.4078
     E-mail: steven.urgo@lewisbrisbois.com
     *Attorneys for Plaintiff*
     *PetroChoice Holdings, Inc.*

     Jon Jay Olafson
     1700 Lincoln Street, Suite 4000
     Denver, CO 80203
     Telephone: 303.861.7760
     Jon.Olafson@lewisbrisbois.com

     Kayla Dawn Dreyer
     1700 Lincoln Street, Suite 4000
     Denver, CO 80203
     Telephone: 303.861.7760
     Kayla.Dreyer@lewisbrisbois.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of November, 2020, the undersigned served the foregoing **OPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER** upon counsel via ECF:

Joel L. Frank
Lamb McErlane PC
24 East Market Street
P.O. Box 565
West Chester, PA 19381-0565
jfrank@lambmcerlane.com

Mary-Ellen H. Allen
Lamb McErlane PC
24 East Market Street
P.O. Box 565
West Chester, PA 19381-0565
mallen@chescolaw.com

/s/_____*Kayla Dawn Dreyer*_____
        *A duly signed original is on file at the*
        *Law Offices of LEWIS BRISBOIS*