IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETROCHOICE HOLDINGS, INC.<br>    Plaintiff,<br><br>      v.<br><br>FRANCIS S. OROBONO, JR.<br>    Defendant. | :<br>:<br>:<br>:      CIVIL ACTION<br>:<br>:      NO.: 19-6152<br>:<br>:<br>:<br>: |

## DEFENDANT'S RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES, AND REQUESTS FOR ADMISSIONS

Defendant, Fran Orobono by and through his attorneys, Lamb McErlane PC, hereby submits the following Responses to Plaintiff's First Set of Interrogatories and Requests for Admissions to Defendant.

## GENERAL CONDITIONS

A. Defendant's responses are made without waiving or intending to waive, but on the contrary intending to preserve and preserving:

1. All objections to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceedings or the trial of this or any other action;

2. The right to object to the use of any information which may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any ground;

3. The right to object on any ground at any time to further interrogatories or other discovery proceedings involving or relating to the subject matter of the Interrogatories; and

4. The right at any time to revise, correct, supplement, clarify or amend the responses and objections to the Interrogatories.

B. All answers to Interrogatories that are vague, ambiguous, and/or confusing are based upon Defendant's best understanding of the Interrogatory or Request and/or the terms used therein, and such answers cannot properly be used as evidence except in the context in which Defendant understood the Interrogatory and/or the terms thereof.

C. Discovery and Defendant's investigation in this action are continuing. As a result, Defendant reserves the right to supplement, amend or modify these Responses as additional information regarding this matter is obtained and/or disclosed.

## GENERAL OBJECTIONS

1. Defendant objects to the Interrogatories and Requests to the extent that any of the Interrogatories or Requests seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to discovery of admissible evidence.

2. Defendant objects to the Interrogatories and Requests to the extent that they are not limited in scope of time, are unreasonably broad, unduly burdensome and oppressive, are not reasonably calculated to lead to the discovery of admissible evidence, vague, ambiguous, and/or seek to require Defendant to conduct an unreasonable investigation on behalf of Plaintiff at substantial and unnecessary cost.

3. Defendant objects to the Interrogatories, Requests, and their Instructions to the extent that they require it to provide information or to identify or describe documents or produce documents that is/are: (a) not in Defendant's possession, custody, or control, (b) already in the possession of Plaintiff, (c) in the possession of person(s) over whom Defendant has no control, or

(d) a matter of public record or are otherwise as equally accessible to Plaintiff as it is/they are to Defendant.

4.     Defendant objects to the Interrogatories and Requests to the extent that they seek information or the description or identification of documents that is/are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or by any other privilege or immunity from discovery under state statutory, constitutional or common law.  The inadvertent production of any information that is privileged, that was prepared in anticipation of litigation or for trial, or that is otherwise immune from discovery, shall not constitute a waiver of any privilege or any ground for objection to discovery with respect to such information, or the subject matter thereof, or of Defendant's right to object to the use of any such information during any subsequent proceeding, hearing or trial.

5.     Defendant objects to the Interrogatories and Requests to the extent that the they are duplicative of each other and are therefore unreasonably burdensome.

6.     Any and all information and responses produced by Defendant in response to the Plaintiff's discovery requests are produced without waiver of, and are subject to, these General Objections and any applicable specific objections set forth below.

7.     Defendant's General Objections are incorporated by reference into each of its specific objections and answers below.  Defendant's assertion of a specific objection shall in no way waive or limit the applicability of its General Objections to all of the Interrogatories and Requests.

**RESPONSE TO INTERROGATORIES**

1.     Identify all electronic devices, including tablets and cellular smartphones, computers, personal electronic accounts and e-mail accounts and other electronic media

including but not limited to flash drives and cloud-based storage where any documents or information pertaining to PetroChoice, including without limitation PetroChoice's Proprietary Information is or was stored, saved, transmitted, and/or maintained by you, at any time from March 31, 2008 to the present. In providing your answer to this Interrogatory, specify the type of device, account or electronic media, the date(s) upon which the such documents and/or information, including without limitation PetroChoice Proprietary Information, was stored, saved, and/or maintained, the current location of the device, account or electronic media, and whether you are in possession of the device.

**RESPONSE:** *Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory as it seeks information outside of the time period relevant to this matter and seeks irrelevant information. By way of further response, and without waiving the foregoing, in 2018 and prior to that date, Defendant was in possession of a company issued cell phone. Plaintiff gave permission to transfer the phone and number to Defendant's personal possession at the termination of his employment with Plaintiff. Defendant remains in possession of the cell phone. Defendant requested assistance from Plaintiff to remove Plaintiff's email from Defendant's phone but received no response and no assistance. Defendant removed Plaintiff's email from his cell phone himself. During the course of Defendant's employment with Plaintiff, Defendant was in possession and used a company issued laptop computer. Defendant previously had access to Plaintiff's cloud based storage during his employment and Independent Contractor Term. Defendant's access to the cloud based storage ceased at the end of August of 2019. During Defendant's employment with Plaintiff, Defendant had access to a PetroChoice owned Thin Client computer. Defendant is in possession of a personal email account through Hotmail and has an icloud storage account on his cell phone. Defendant previously had possession of the Two Hard Drives and One Flash Drive. Defendant turned over possession of same to counsel at the outset of this litigation.*

2. Identify all persons who have accessed or could have accessed any of the devices, personal electronic accounts, e-mail accounts, and other electronic media listed in your response to Interrogatory No 1.

**RESPONSE:** *Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory as it seeks information outside of the time period relevant to this matter and seeks irrelevant information. Defendant is the only person with access to his cell phone, personal email, the Two Hard Drives and Flash Drive.*

*Defendant had a username and password to access the PetroChoice network during the Employment Term and Independent Contractor Term.*

      3.      Identify all persons from whom or from which you received any PetroChoice Proprietary Information at any time after September 1, 2018 through the present day. Include in your response each date and method or medium of such receipt, the substance of the Proprietary Information, and all of the locations and custodians of the PetroChoice Proprietary Information since your receipt of the material through present day.

      **RESPONSE:** *Defendant objects to this Interrogatory as it seeks information already in the possession of or accessible to Plaintiff. By way of further response, and without waiving the foregoing, after September 1, 2018, Defendant received information from Michael Solitt, Scott Milrow, Sean McCreery and the PetroChoice Human Resources department, all related to negotiations related to the automotive equipment business. Such information was received via email correspondence either to Defendant's personal email account or through Defendants' assigned PetroChoice email account.*

      4.      Identify all PetroChoice Customers that you have ever communicated with or performed work on behalf of, or attempted to communicate with or perform work on behalf of, at any time after September 1, 2018 through the present day.

      **RESPONSE**: *Defendant objects to this Interrogatory overly broad, unduly burdensome, and because it seeks information irrelevant to this matter. Defendant was retained as Independent Contractor during the time period set forth in this Interrogatory through August, 2019. Defendant worked with any clients assigned to Defendant by PetroChoice to assist with customer service issues. After August, 2019, Defendant has communicated with certain entities are or were PetroChoice Customers, strictly regarding tire sales on behalf of Defendant's current employer.*

      5.      For all of the PetroChoice Customers identified in your response to Interrogatory No. 4, describe in detail the nature of the attempted and/or actual communications and/or work you performed, including:

    a. all individuals and entities involved;
    b. the date of the attempted or actual communication/work;
    c. the substance of the attempted or actual communication/work;
    d. the result of the attempted or actual communication/work; and

  e. all documents concerning the attempted or actual communication/work.

  **RESPONSE:** *Defendant objects to this Interrogatory as overly broad, unduly burdensome, and because it seeks information irrelevant to this matter. Defendant was retained as Independent Contractor during the time period set forth in this Interrogatory through August, 2019. Plaintiff already is in possession and has access to information regarding customers Defendant was asked by PetroChoice to contact.*

  6. Identify all services you have performed or intend to perform for or on behalf of JWT or any PetroChoice Customer beginning September 1, 2018 through present day. Include in your response, the date of the service, a description of the service provided, where the service was performed, and any documents memorializing the service.

  **RESPONSE:** *Defendant objects to this Interrogatory as overly broad, unduly burdensome and because it seeks information irrelevant to this matter, and proprietary to Defendant's present employer, which Defendant is not authorized to disclose. By way of further response, and without waiving the foregoing, after August of 2019, Defendant has communicated with certain entities that are or were also PetroChoice Customers strictly regarding tire sales on behalf of Defendant's current employer.*

  7. Identify and describe all communications between you and any person that you know or have reason to believe is a former or current employee, reseller, supplier (including but not limited to Wynn Oil Company and Valvoline), vendor, or independent contractor of PetroChoice, from September 1, 2018 through present day. For each instance, identify the date of the communication, the person(s) that participated in such communications, the means or medium of the communication, all documents that were discussed or exchanged, and the substance of any communications that took place.

  **RESPONSE:** *Defendant objects to this Interrogatory overly broad, unduly burdensome and because it seeks information irrelevant to this matter. Defendant was retained as Independent Contractor for Plaintiff during the time period set forth in this Interrogatory through August, 2019. Defendant was in contact with certain customers, and employees of Plaintiff in conjunction with Defendant's role as an Independent Contractor. After August, 2019, Defendant has had contact with the following: (1) Former or Current Employees: Bob Mills, Steve King, Michael Foltz, Howard Soule, Barry Mellor, Scott Milroy, Randy Myers, Michael Solitt, Rob Walker, Chris Blynn, individual(s) from customer service dept.; (2) reseller:*

*KT Automotive; (3) Vendor or Customer: Jennifer Gatens from Valvoline; Defendant was present at one meeting with ITW Corporation; John Weigand; (4) vendors associated with automotive equipment business with PetroChoice's involvement in same.*

8. If you responded to any request for admission in anything other than an unqualified admission, describe all bases and documents that support such denial or qualified admission.

**RESPONSE:** *All qualifications are contained within Defendant's Responses to Requests for Admissions, which Defendant incorporates herein by reference.*

9. Describe all actions undertaken by you with respect to any documents or information pertaining to PetroChoice that is or was in your possession, including without limitation PetroChoice Proprietary Information.

**RESPONSE:** *Defendant objects to this Interrogatory as vague, and overly broad, with no specified time frame. By way of further response, and without waiving the foregoing, after the cessation of Defendant's Independent Contractor Term for PetroChoice, Defendant attempted to convert a Return on Investment excel spreadsheet, which Defendant previously created while employed by PetroChoice, into a clean, blank, standard form for his use going forward. Defendant did not complete the conversion and has not utilized the aforementioned form for any purpose. After the cessation of Defendant's Independent Contractor Term with PetroChoice, Defendant has not utilized any PetroChoice Proprietary Information for any purpose.*

10. Describe all actions, precautions, and/or steps taken by you or PetroChoice to protect and/or prevent the dissemination and/or misuse of PetroChoice Proprietary Information in your possession and/or control by unauthorized persons, from March 31, 2008 through the present day, including but not limited to how and where the PetroChoice Proprietary Information was and/or has been maintained by you. Specifically, include a detailed description of the actions, precautions, and/or steps taken by you or PetroChoice during the Employment Term and the

Independent Contractor Term in connection with PetroChoice Proprietary Information, and the actions, precautions, and/or steps taken by you or PetroChoice after September 1, 2019.

**RESPONSE:** *Defendant objects to this Interrogatory as overly broad and vague. Defendant further objects to this Interrogatory to the extent such information is in the possession of or equally accessible to Plaintiff, including but not limited to any alleged steps PetroChoice undertook as stated in the Interrogatory. By way of further response and without waiving the foregoing, Defendant accessed the laptop issued to him by PetroChoice with a username and password, which he did not disclose; Defendant ensured that his company issued devices remained with him and were not accessed by others; Defendant did not leave the laptop, cell phone, or Thin Client computer provided by PetroChoice open or unattended.*

11.     Identify all private email accounts and cloud-based storage accounts owned and/or controlled by you since March 31, 2008 through present day.

**RESPONSE:** *Defendant objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory as it seeks information outside of the time period relevant to this matter and seeks irrelevant information. By way of further response, and without waiving the foregoing, Defendant is in possession of a personal Hotmail account. Defendant had access to the cloud based storage in the possession and control of PetroChoice until the end of August of 2019. Defendant's cell phone contains an icloud storage account.*

12.     Identify and describe in detail every communication and document that you were provided through, or by virtue of, your employment or independent contractor relationship with PetroChoice that remains in your custody, possession, and/or control, and your reasons for still retaining the communication or document.

**RESPONSE:** *During the course of discovery in this matter, Defendant found five documents that he received by virtue of and during the Employment Term or the Independent Contractor Term with PetroChoice on his cellular phone, which originally was issued to Defendant by PetroChoice. All five documents are provided herewith.*

13.      Identify by source, date, and amount, all income or monies (including, but not limited to), Social Security benefits, public assistance benefits, unemployment compensation

benefits, workers' compensation benefits, retirement benefits, dividends, and disability benefits (long- and/or short-term) that you have received from January 1, 2017 through the present.

**RESPONSE:** *Defendant objects to this Interrogatory as it seeks information irrelevant to the claims set forth in Plaintiff's Complaint.*

14. State the full name, address, telephone number, and e-mail of all individuals from whom you have obtained a statement, whether orally or in writing, concerning the allegations in the Complaint or any of the issues raised by the pleadings in this Matter, identifying the person to whom each such statement was made or given and a factual description of the substance and/or content of each such statement.

**RESPONSE:** *Defendant has not obtained any statements in this matter as of the date of this Response.*

15. Identify and describe in detail the facts and circumstances surrounding your preservation of relevant and discoverable material in this Matter, including the preservation of electronically stored information contained on the Laptop and Two Hard Drives and One Flash Drive. A complete answer will include the date on which you became aware you had preservation obligations related to this Matter; your understanding of your obligations concerning your preservation obligations; and your conduct and activities in connection with those duties and any material in your possession and control, including electronically stored information contained on the Laptop and Two Hard Drives and One Flash Drive.

**RESPONSE:** *Defendant objects to this Interrogatory to the extent it seeks information subject to the attorney-client privilege. By way of further response, and without waiving the foregoing, Defendant preserved the Two Hard Drives and One Flash Drive by turning them over to his counsel at the outset of this matter. Defendant returned the JWT Laptop to JWT in or around the middle of January 2020, and has not had access to the JWT Laptop since that date.*

16. Explain in detail the factual bases for any affirmative defense you have asserted or intend to assert in this Matter.

**RESPONSE:** *Defendant objects this Interrogatory as vague and overly broad. By way of further response, Defendant incorporates by reference the factual statements set forth in Defendant's forthcoming Answer to the Complaint as if fully set forth at length herein.*

17. State whether you have ever removed, transferred, sent, or deleted any information (including but not limited to), ESI, documents, video, audio recordings, or any other material (in any form) from PetroChoice's computer network or from any device issued to you by PetroChoice.

**RESPONSE:** *Defendant objects to this Interrogatory as vague. By way of further response and without waiving the foregoing, Defendant emailed the excel spreadsheet as set forth in the Response to Interrogatory No. 9.*

18. Describe your involvement in the sale of PetroChoice's North Eastern Equipment Services Division ("ESD"), including: (i) any communications you had with any other person concerning the sale, including but not limited to the date, location, person you communicated with, and medium of the communication; (ii) any representations you made to PetroChoice concerning your financial ability to fund the purchase of the ESD; (iii) whether and when you had any "partners" in the sale and the identity of the partner(s); and the circumstances surrounding your position as "executive manager" of the ESD.

**RESPONSE:** *Defendant objects to this Interrogatory as it seeks information in the possession of or equally accessible to Plaintiff. Defendant's communications were with employees/representatives of PetroChoice. By way of further response, at no time did Defendant represent that he had liquid or readily convertible assets in connection with the negotiation of the sale of PetroChoice's ESD. To the contrary, Defendant represented that he would require*

*financing and/or a partner to purchase PetroChoice's ESD. As Plaintiff is aware, Defendant disclosed JWT as a potential partner. Defendant did not hold the title of "executive manager" or any written job description from PetroChoice and objects to this undefined term. By way of further response, Defendant was responsible for overseeing the Northeast equipment sales and service division on behalf of PetroChoice until the end of August of 2018.*

19.     Describe your involvement in the PetroChoice Service Business divestment opportunity, including: (i) any communications you had with any other person concerning the divestment opportunity (including the date, location, and medium of those communications and the identity of the individuals you communicated with); (ii) any representations you made to PetroChoice concerning your financial ability to participate in the divestment opportunity; (iii) whether and when you had any "partners" in the divestment opportunity and the identity of the partner(s); and (iv) whether you ever discussed the divestment opportunity with JWT and if so, the date, locations, and mediums of those communications and identities of the individuals you spoke with.

**RESPONSE**: *Defendant objects to this Interrogatory as duplicative of previous Interrogatory No. 18.*

20.     Describe the circumstances surrounding your employment with JWT. A complete answer will include details, including but not limited to the date, location, person you communicated with, and medium, surrounding communications and documents: exchanged between you and JWT regarding any job application or interview you submitted to JWT; the offer of the employment position; salary expectations; job title and responsibility; and any written documents memorializing the terms of the employment relationship.

**RESPONSE:** *Defendant discussed his current employment with Scott Williams, President/COO of JWT, during the approximate time period of July of 2018 through September of 2018. Defendant's employment with JWT commenced during the first two weeks of October*

of 2018. *See Defendant's employment agreement memorializing the terms of Defendant's employment, which shall be produced.*

21. Identify all of your assets. A complete answer will include the assets you, any corporation, general or limited partnership, limited liability company, or other entity owned or controlled by you, or any trust in which you are a beneficiary, have held since December 1, 2019 through present day, or currently hold. For these purposes, the term "assets" includes but is not limited to real property, stock, shares, membership interests, jewelry, rental income, cash, equipment, accounts receivable, and legal or insurance claims.

**RESPONSE:** *Defendant objects to this Interrogatory as premature and because it seeks information irrelevant to Plaintiff's claims as set forth in the Complaint.*

22. Identify and describe your direct and indirect earnings and/or income in 2018, 2019, and 2020, including but not limited to tax returns, receipts, check stubs, and profit and loss statements. A complete answer will include earnings and income received from any corporation, general or limited partnership, limited liability company, or other entity and any trust in which you are a beneficiary.

**RESPONSE:** *Defendant objects to this Interrogatory as premature and because it seeks information irrelevant to Plaintiff's claims as set forth in the Complaint.*

23. Do you disagree with the allegations contained in ¶¶ 97–102 and 106 of the Complaint? If so, state which portions of the allegations you disagree with and the reasons and factual bases why the allegations are inaccurate.

**RESPONSE:** *Defendant objects to this Interrogatory and incorporates by reference Defendant's forthcoming Answer to the Complaint.*

24. Describe the circumstances surrounding any negative employment action, including but not limited to any complaints, charges, terminations, and performance improvement plans, ever taken against you by any person that you have ever worked for (as an employee or an independent contractor). A complete answer will include the date of the negative employment action, the name of the person, the substance of the negative employment action, and the result of the negative employment action.

**RESPONSE:** *Defendant objects to this Interrogatory as it seeks information irrelevant to the claims or defenses set forth in this matter.*

## RESPONSES TO REQUESTS FOR ADMISSIONS

1. Admit that the "Employment and Restrictive Covenant Agreement" is a true and authentic copy of the genuine original document.

    **RESPONSE:** *Admitted.*

2. Admit that you executed the "Employment and Restrictive Covenant Agreement."

    **RESPONSE:** *Admitted.*

3. Admit that the "Securities Rollover Agreement" is a true and authentic copy of the genuine original document.

    **RESPONSE:** *Admitted in part. Defendant notes the exhibits to the Securities Rollover Agreement provided by Plaintiff in the Request for Admissions are not executed. Defendant cannot admit or deny whether the exhibits to the Securities Rollover Agreement were executed. Further, Plaintiff cannot admit or deny the redacted information. Defendant admits that the Securities Rollover Agreement itself is a true and correct copy.*

4. Admit that you executed the "Securities Rollover Agreement."

    **RESPONSE:** *Admitted.*

5. Admit that the "Management Equity Agreement" is a true and authentic copy of the genuine original document.

**RESPONSE:** *Admitted.*

6. Admit that you executed the "Management Equity Agreement."

**RESPONSE:** *Admitted.*

7. Admit that the "Separation Agreement and General Release" is a true and authentic copy of the genuine original document.

**RESPONSE:** *Admitted in part. Defendant notes that the Separation Agreement and General Release provided by Plaintiff in the Request for Admissions is not signed by PetroChoice. Defendant cannot admit or deny if the original Separation Agreement and General Release was executed by PetroChoice. It is admitted that the Separation Agreement and General Release itself is a true and correct copy.*

8. Admit that you executed the "Separation Agreement and General Release."

**RESPONSE:** *Admitted.*

9. Admit that the "Consulting Agreement" is a true and authentic copy of the genuine original document.

**RESPONSE:** *Admitted. Defendant notes that the Consulting Agreement provided by Plaintiff in the Request for Admissions is not signed by PetroChoice. Defendant cannot admit or deny if the original Consulting Agreement was executed by PetroChoice. It is admitted that the Consulting Agreement itself is a true and correct copy.*

10. Admit that you executed the "Consulting Agreement."

**RESPONSE:** *Admitted.*

11. Admit that PetroChoice paid you a fee of $13,368.06 per month pursuant to the Consulting Agreement during the Consulting Agreement's one-year term.

**RESPONSE:** *Admitted.*

12. Admit that you accessed PetroChoice's computer network on August 19th, 20th, 22nd, 23rd, 24th, and 25th in 2019.

**RESPONSE:** *Admitted in part. Defendant admits that he accessed PetroChoice's computer network in August of 2019 via his PetroChoice issued username and password. Defendant cannot admit or deny the specific dates of same.*

13. Admit that you downloaded files from PetroChoice's computer network on or about August 24, 2019.

**RESPONSE:** *Admitted.*

14. Admit that the files you downloaded from PetroChoice's computer network in August, 2019 were downloaded onto the JWT Laptop.

**RESPONSE:** *Admitted in part. It is admitted that Defendant downloaded certain files to a laptop previously in Defendant's possession issued to Defendant by JWT, which is, upon information and belief, the JWT Laptop.*

15. Admit that you failed to return PetroChoice property upon the cessation of the Independent Contractor Term.

**RESPONSE:** *Defendant objects to this Request as the word property is undefined and to the extent it duplicates other Requests for Admissions included herein. It is admitted only that Defendant had information belonging to PetroChoice in his possession at the cessation of the Independent Contractor Term and which PetroChoice was never deprived of such information.*

16. Admit that you failed to return PetroChoice Proprietary Information upon the cessation of the Independent Contractor Term.

**RESPONSE:** *Defendant objects to this Request as it calls for a conclusion of law. It is admitted only that Defendant had information belonging to PetroChoice in his possession at the cessation of the Independent Contractor Term and which PetroChoice was never deprived of such information.*

17. Admit that as a Vice President at PetroChoice, you owed the company a fiduciary duty as defined by Pennsylvania law.

**RESPONSE:** *Defendant objects to this Request as it seeks a conclusion of law.*

18. Admit that you told PetroChoice that you had liquid or readily convertible assets of at least $1 million in connection with the negotiation of the sale of PetroChoice's ESD.

**RESPONSE:** *Denied. At no time did Defendant represent that he had "liquid or readily convertible assets of at least $1 million" in connection with the negotiation of the sale of PetroChoice's ESD. To the contrary, Defendant represented that he would require financing to purchase PetroChoice's ESD but was not able to secure the financing needed.*

 

**LAMB McERLANE PC**

Date:  September 8, 2020        BY:  *s/Mary-Ellen H. Allen*
                                                                Joel L. Frank
                                                                I.D. 46601
                                                                Mary-Ellen H. Allen
                                                                I.D. No. 83885
                                                                24 East Market Street
                                                                Post Office Box 565
                                                                West Chester, PA  19381-0565
                                                                610-430-8000
                                                                jfrank@lambmcerlane.com
                                                                mallen@lambmcerlane.com

## **CERTIFICATE OF SERVICE**

This is to certify that in this case complete copy of the foregoing Responses to Plaintiff's First Set of Interrogatories and Requests for Admissions to Defendant. This document is being served upon the following counsel by electronic filing and service procedures:

| Name | Means of Service | Date of Service |
|---|---|---|
| Steven D. Urgo, Esquire<br>Jon J. Olafson, Esquire<br>Kayla D. Dreyer, Esquire<br>Lewis Brisbois Bisgaard & Smith<br>550 E. Swedesford Road, Suite 270<br>Wayne, PA 19087 | Electronic Mail | September 8, 2020 |

**LAMB McERLANE PC**

Date:  September 8, 2020          BY:  *s/Mary-Ellen H. Allen*
　　　　　　　　　　　　　　　　　　　　　Joel L. Frank
　　　　　　　　　　　　　　　　　　　　　I.D. 46601
　　　　　　　　　　　　　　　　　　　　　Mary-Ellen H. Allen
　　　　　　　　　　　　　　　　　　　　　I.D. No. 83885
　　　　　　　　　　　　　　　　　　　　　24 East Market Street
　　　　　　　　　　　　　　　　　　　　　Post Office Box 565
　　　　　　　　　　　　　　　　　　　　　West Chester, PA  19381-0565
　　　　　　　　　　　　　　　　　　　　　610-430-8000
　　　　　　　　　　　　　　　　　　　　　jfrank@lambmcerlane.com
　　　　　　　　　　　　　　　　　　　　　mallen@lambmcerlane.com

## **VERIFICATION**

I, Francis S. Orobono, Jr., verify and affirm that the facts in the foregoing Responses to Plaintiff's Interrogatories and Requests for Admissions are true and correct to the best of my knowledge, information and belief. I understand that the statements are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Date: 9/8/2020

Francis S. Orobono, Jr.