**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PETROCHOICE HOLDINGS, INC.<br>Plaintiff,<br><br>v.<br><br>FRANCIS S. OROBONO, JR.<br>Defendant. | CIVIL ACTION<br><br>NO.: 19-6152 |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

Defendant, Francis S. Orobono, Jr. ("Defendant" or "Orobono"), by and through his attorneys, Lamb McErlane PC, hereby file this Response to Plaintiff's Motion for Sanctions for Spoliation of Evidence as follows:

**I.  INTRODUCTION**

Plaintiff's Motion lacks any basis in law or fact and should be denied. As explained in greater detail below, Plaintiff presents no evidence that Defendant deleted, spoliated or in any way altered any document in his exclusive possession. To the contrary, Plaintiff's own expert admitted that it was equally possible that the documents that Plaintiff alleges were improperly destroyed were never on Defendant's devices. Plaintiff's Motion ignores Defendant's sworn testimony that he has not taken any steps to delete, destroy, or otherwise alter any downloaded documents but, instead, returned anything in his possession. Plaintiff irresponsibly has filed a severe Motion for Sanctions based upon speculation and conjecture.

Moreover, Plaintiff's Complaint does not allege that Defendant removed or altered documents on their internal drive. Rather it claims Orobono downloaded a copy of certain documents, some personal to him and some belonging to Plaintiff. *See* Plaintiff's Complaint at ¶¶

1

87-99. Thus, even if Defendant deleted a copy on one of his devices, which he did not, Plaintiff is still in possession of every document it claims was deleted. This is evidenced by Plaintiff's own Motion describing the documents, which it can only do because Plaintiff still has the original files.

As stated in Defendant's opposition to Plaintiff's Motion for Summary Judgment, after exhaustive discovery taken by Plaintiff, there is simply no evidence that any action taken by Defendant proximately caused Plaintiff to incur any pecuniary damages. It is clear that Plaintiff cannot establish the necessary elements of its claims and this Motion seeking unwarranted sanctions is a clear attempt to obviate a burden Plaintiff knows it cannot meet to prevail at trial.

## II. RELEVANT FACTUAL HISTORY

By way of background, Mr. Orobono was an employee of PetroChoice for 5 years and, thereafter, acted as a consultant to PetroChoice. During the course of his employment and during the time Mr. Orobono acted as a consultant, PetroChoice allowed Mr. Orobono access to their computer system through Microsoft 365. During the course of his employment and during the time Orobono acted as a consultant, PetroChoice allowed Orobono access to their computer system, first through Citrix and subsequently through Microsoft 365. PetroChoice alleges it terminated Orobono's access to Citrix at the cessation of his employment/outset of his consulting relationship but Orobono's access to PetroChoice's system through Microsoft 365 was not terminated. During the course of the consulting relationship with PetroChoice, Orobono had both a username and a password which enabled him to access the computer system at issue.

The time period during which Mr. Orobono acted as a consultant was set to expire at the end of August, 2019. Prior to the expiration of the consulting agreement, Mr. Orobono needed to obtain a multitude of personal documents from the PetroChoice computer system. During the course of his employment, Mr. Orobono utilized the PetroChoice computer system to store

personal information including, but not limited to, personal financial records, tax returns, real estate documents, and Individualized Education Plan documents for Mr. Orobono's son.

During the course of 2019, Mr. Orobono asked several employees of PetroChoice for assistance with downloading his personal information as he was having difficulty accessing the information. Without the proper assistance, he had no choice but to attempt to download the information himself. While downloading his personal information, Mr. Orobono admits he also downloaded documents information that belong to PetroChoice. Mr. Orobono did not download the information for any nefarious purpose and has not utilized any documents or information that belongs to PetroChoice in any capacity. *See* Deposition of Defendant Francis Orobono ("Orobono Dep."), attached as Exhibit A, p. 242:1-244:6.

Plaintiff's Motion makes several misstatements of fact. First Plaintiff's Motion alleges that "the discovery conducted in this case has revealed that at least 5,000 files were downloaded from PetroChoice's secure Office 365 system by Defendant." *See* Plaintiff's Motion at Page 7. Importantly, to the contrary Plaintiff's own expert concedes that there is no evidence that relevant documents were ever on Orobno's devices. Moreover, Plaintiff distorts Defendant's deposition testimony. Plaintiff's portrayal of the testimony purports to claim that Orobono confirmed he downloaded the 5,000 documents on these devices. In actuality, he testified that everything he downloaded was on the devices produced to Plaintiff. See Exhibit A at 253:17-254:18. Curiously, Plaintiff does not present the Court with its questioning of Defendant on the issues raised in this Motion.

```
21   Q  DID YOU DELETE OR MODIFY ANY OF THE FILES
22   THAT WERE DOWNLOADED ONTO THE LAPTOP FROM THE
23   PETROCHOICE SYSTEM PRIOR TO RETURNING THE JWT
24   LAPTOP TO TOM MATTHEWS, JR.?

                                        Page 260
1    A  NO.
2    Q  IF ANY FILES FROM THE JWT LAPTOP ARE
3    FOUND TO BE MODIFIED OR DELETED, DO YOU HAVE ANY
4    KNOWLEDGE OF WHAT WOULD HAVE HAPPENED TO THEM?
5    A  NO.
```

*See* Exhibit A at 259:21-260:1-5.

```
18   Q  SO DID YOU PRESERVE ANY DOCUMENTS OR
19   ELECTRONICALLY STORED INFORMATION AFTER YOU WERE
20   SERVED WITH THIS LAWSUIT?
21   A  CAN YOU REPEAT THAT?
22   Q  DID YOU PRESERVE ANY DOCUMENTS OR
23   ELECTRONICALLY STORED INFORMATION, SO LIKE
24   COMPUTER FILES --

                                        Page 266
1    A  YES.
2    Q  -- AFTER THE FILING OF THIS LAWSUIT?
3    A  YES.
4    Q  WHAT KIND OF PRESERVATION EFFORTS DID YOU
5    ENGAGE IN?
6    A  SCREENSHOTS.  MOVING SOME FILES TO LIKE A
7    FOLDER.
8    Q  HAVE YOU DESTROYED OR DELETED ANY
9    RESPONSIVE DOCUMENTS, INFORMATION, ELECTRONICALLY
10   STORED INFORMATION OR MATERIALS TO ANY DISCOVERY
11   REQUESTS THAT'S BEEN SERVED ON YOU?
12   A  NO.
```

*See* Exhibit A at 265:21-266:1-12.

Defendant and Plaintiff's expert agree—the only documents Orobono downloaded are the ones that remain on his devices. To date, Plaintiff has presented no evidence to the contrary.

**III. ARGUMENT**

Plaintiff is not entitled to an adverse inference under the Spoliation of Evidence Doctrine because Defendant did not destroy any evidence, let alone evidence in his exclusive possession or control that Plaintiff has no other means of accessing in bringing its case. Of note, Plaintiff has not clearly established that Defendant Orobono successfully downloaded the documents in question. To the contrary, Plaintiff's own expert admits that it is possible the documents in question were never present on Defendant's devices. *See* Doc. No. 56-5, Plaintiff's Expert Report entitled Driven Forensic Analysis. Rather, Plaintiffs are asking the Court to make an assumption. First the Court is being asked to assume Defendant had control over the documents and a second assumption that he nefariously destroyed them in bad faith. In asking the Court to take this leap, Plaintiff has not supplied any evidence to support either assumption.

Spoliation occurs when one party alters, destroys, fails to preserve, or simply withholds evidence within that party's custody or control. *See Bull v. UPS*, 665 F.3d 68, 73-74 (3d Cir. 2012). When presented with an allegation of spoliation, a court must engage in a two-part analysis; *to wit*: to determine if spoliation occurred and, if it did, then decide the appropriate sanction, if any, to remedy it. *See Omogbehin v. Cino*, 485 F. App'x 606, 610 (3d Cir. 2012); *Giuliani v. Springfield Twp.*, 2015 WL 3604343, at *7, 2015 U.S. Dist. LEXIS 74174, at *16 (E.D. Pa. June 9, 2015). To determine if spoliation occurred, the United States Court of Appeals for the Third Circuit ("Third Circuit") has established a four-element test. *See Bull*, 665 F.3d at 73-74.

Under the Third Circuit's test, spoliation is deemed to have occurred if "(1) the evidence was within the alleged spoliator's control; (2) there has been actual suppression or withholding of

the evidence; (3) the evidence was relevant; and (4) it was reasonably foreseeable that the evidence would be discoverable." *E.D.*, 2017 WL 1207919, at *7, 2017 U.S. Dist. LEXIS 50173, at *20-21 (citing *Paramount Pictures Corp. v. Davis*, 234 F.R.D. 102, 112 (E.D. Pa. 2005)); *see also Bull*, 665 F.3d at 73-74. The party seeking the spoliation sanction bears the burden of establishing each of these elements. *Rogers v. Allstate Ins. Co.*, 11-CV-7776, 2012 WL 5250513, at *3 (E.D. Pa. Oct. 23, 2012). Here, none of these elements are present and Plaintiff has failed to meets its high burden.

### A. Defendant Did Not Destroy Evidence

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Mosaid Techs, Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332 (D.N.J. 2004). In the present matter, Plaintiff has failed to establish that any destruction has occurred or that it has been deprived of evidence. Plaintiff cannot establish that a single factor in the required analysis supports its desired relief.

First and foremost, Plaintiff have failed to establish that evidence was in Defendant's possession, let alone that he destroyed it after he knew that litigation was reasonably foreseeable. As cited herein and attached to Plaintiff's Motion, its own expert acknowledged that there is no evidence the "missing documents" were successfully downloaded by Defendant as there is no trace of them on his devices. *See* Doc. No. 56-5 ("The fact that no evidence of the files existence on these drives may be due to either the drives never having been used to store these relevant documents or a wiping utility may have been used to destroy evidence of their existence."). Moreover, Defendant's testimony highlights that in his pursuit to obtain his personal documents, he inadvertently download unrelated documents that he never utilized. *See* Exhibit A, 242:1-

6

244:6. Plaintiff assumes because the files accessed by Defendant, were downloaded and that the download was successful. This is an assumption that garners no support in the evidentiary record.

Second, there has been no actual suppression. Assuming *arguendo* that Defendant did have the documents in question and destroyed them, it is undisputed that he did not possess the only copies. Plaintiff is currently and at all relevant times has been in possession of the original files. Accordingly, even if all of Plaintiff's assumptions are accepted, it still cannot establish the withholding of evidence that deprives Plaintiff of bringing its case.

As Plaintiff cannot establish the necessary predicate, both prongs 1 and 2, the Court need not engage in an analysis of prongs (3) and (4).

### B. A Sanction Against Defendant is Not Appropriate

Evidence of spoliation can give rise to a sanction. As noted above, however, there is no evidence of spoliation by Defendant. For the reasons enunciated in the above section, there is no proof that Defendant destroyed evidence after litigation was reasonably foreseeable. Additionally, Plaintiff misapplies the standard set forth by courts to determine whether any sanction is appropriate. Defendant, therefore, will address this issue. In determining whether a sanction is appropriate, courts consider the following factors:(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is at serious fault, will serve to deter such conduct by others in the future. *Schmid v. Milwaukee Elec. Tool Corp*., 13 F.3d 76 (3d Cir. 1994).

First, there is no fault to be placed on Defendant. Defendant has not been credibly accused of taking any improper action. When questioned, he stated that he preserved everything in his possession and that he did not delete a single file. *See* Exhibit A. at 266:1-12. To prevail Plaintiff

needs present evidence not only of destruction, but that it was done in bad faith. Plaintiff cannot establish either.

Second, Plaintiff is not prejudiced. If they have evidence that Defendant possessed the documents and deleted them, they can simply use their original file as evidence. If they cannot establish that Defendant ever possessed the documents, the Court need not even entertain this Motion. Plaintiff failed to show that they were prejudiced by not being able to located the documents Defendant purportedly downloaded.

Since the elements indicated above have not been established, namely that Defendant is at fault and that Plaintiff is not prejudiced, no sanction is appropriate.

### IV. CONCLUSION

Plaintiff has failed to establish that Defendant destroyed or altered evidence after litigation was reasonably foreseeable. Rather, Plaintiff makes blanket assumptions to bolster its arguments. Because Plaintiff has failed to prove that spoliation occurred, no sanction should be imposed. Therefore, Plaintiff's Motion for Sanctions must be denied.

**LAMB McERLANE PC**

June 29, 2021    BY: *s/Mary-Ellen H. Allen*
Joel L. Frank
I.D. No. 46601
Mary-Ellen H. Allen
I.D. No. 83885
24 East Market Street
Post Office Box 565
West Chester, PA 19381-0565
610-430-8000
jfrank@lambmcerlane.com
mallen@lambmcerlane.com

**CERTIFICATE OF SERVICE**

This is to certify that in this case complete copy of the foregoing Response to Plaintiff's Motion for Sanctions has been filed electronically and is available for viewing and downloading from the ECF system. This document is being served upon the following counsel by electronic filing and service procedures:

| Name | Means of Service | Date of Service |
|---|---|---|
| Steven D. Urgo, Esquire<br>Lewis Brisbois Bisgaard & Smith<br>550 E. Swedesford Road, Suite 270<br>Wayne, PA 19087 | Electronic Filing | June 29, 2021 |
| Jon J. Olafson, Esquire<br>Kayla D. Dreyer, Esquire<br>Lewis Brisbois Bisgaard & Smith<br>1700 Lincoln Street, Suite 4000<br>Denver, CO 80203 | Electronic Filing | June 29, 2021 |

**LAMB McERLANE PC**

Date: June 29, 2021  BY: *s/Mary-Ellen H. Allen*
Mary-Ellen H. Allen
I.D. No. 83885
24 East Market Street
Post Office Box 565
West Chester, PA 19381-0565
610-430-8000
mallen@lambmcerlane.com