IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETROCHOICE HOLDINGS, INC.<br>   Plaintiff,<br><br>v.<br><br>FRANCIS S. OROBONO, JR.<br>   Defendant. | CIVIL ACTION<br><br>NO.: 19-6152 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
<u>STATEMENT OF UNDISPUTED FACTS</u>**

  Defendant, Francis S. Orobono, Jr. ("Defendant" or "Orobono"), by and through his attorneys, Lamb McErlane PC, hereby file this Response to Plaintiff's Statement of Undisputed Facts in accordance with the numbered paragraphs as follows:

  1.  Admitted.

  2.  Admitted.

  3.  It is admitted that the language set forth herein represents Plaintiff's characterization of its business and operation.

  4.  It is admitted that the language set forth herein represents Plaintiff's characterization of its business and operation.

  5.  It is admitted that the language set forth herein represents Plaintiff's characterization of its business and operation.

  6.  It is admitted that the language set forth herein represents Plaintiff's characterization of its business and operation.

  7.  It is admitted that the language set forth herein represents Plaintiff's characterization of its business and operation.

8. It is admitted that the language set forth herein represents Plaintiff's characterization of its business and operation.

9. Admitted.

10. It is admitted that Defendant Orobono executed the Employment and Restrictive Covenant Agreement on March 31, 2008.

11. Denied as this is a conclusion of law, not a statement of fact.

12. Admitted in part, denied in part. It is admitted only that Defendant was Regional Vice President of Sales responsible for the northeast region. Any allegation to the contrary is denied.

13. This is a conclusion of law, not a statement of fact. Plaintiff has the burden to prove that the information to which Defendant had access is confidential, proprietary, and/or a trade secret. MORE

14. It is admitted only that Defendant accessed and used information belonging to or made available by PetroChoice. Plaintiff has the burden to prove that the information to which Defendant had access is confidential, proprietary, and/or a trade secret. This conclusion of law is not undisputed. Moreover, "extensive amounts of Petrochoice's confidential and proprietary information" is vague, overbroad, and relative in nature. Accordingly this is denied.

15. This is a conclusion of law, not a statement of fact. Plaintiff has the burden to prove that the information at issue is confidential, proprietary, and/or a trade secret. Plaintiff also has the burden to prove Defendant's duty.

16. Denied as this is a conclusion of law, not a statement of fact. The language set forth in the Employment Contract speaks for itself.

17. It is admitted that the language set forth in this paragraph is included in the Employment Agreement.

18. It is admitted that the language set forth in this paragraph is included in the Employment Agreement.

19. It is admitted that the language set forth in this paragraph is included in the Employment Agreement.

20. It is admitted that the language set forth in this paragraph is included in the Employment Agreement.

21. It is admitted that the language set forth in this paragraph is included in the Employment Agreement.

22. It is admitted that the language set forth in this paragraph is included in the Employment Agreement.

23. It is admitted that the language set forth in this paragraph is included in the Employment Agreement.

24. Denied as this is a conclusion of law and Plaintiff's interpretation of the Employment Agreement, not a statement of fact.

25. Denied as this is a conclusion of law and Plaintiff's interpretation of the Securities Rollover Agreement, not a statement of fact.

26. It is admitted that Defendant executed the Securities Rollover Agreement on or about August 21, 2015.

27. Denied as this is a conclusion of law and Plaintiff's interpretation of the Securities Rollover Agreement, not a statement of fact.

28. Denied as this is a conclusion of law and Plaintiff's interpretation of the Securities Rollover Agreement, not a statement of fact.

29. Denied as this is a conclusion of law and Plaintiff's interpretation of the Securities Rollover Agreement, not a statement of fact.

30. It is admitted that the quoted language is set forth in the Securities Rollover Agreement. The remainder of this paragraph is denied as this is a conclusion of law and Plaintiff's interpretation of the Securities Rollover Agreement, not a statement of fact.

31. It is admitted that the language set forth in this paragraph is included in the Securities Rollover Agreement.

32. It is admitted that the language set forth in this paragraph is included in the Securities Rollover Agreement.

33. It is admitted that the language set forth in this paragraph is included in the Securities Rollover Agreement.

34. It is admitted that the language set forth in this paragraph is included in the Securities Rollover Agreement.

35. It is admitted that Defendant executed Management Equity Agreement. The remainder of this paragraph is denied as this is a conclusion of law and Plaintiff's interpretation of the Management Equity Agreement, not a statement of fact.

36. Denied as this is a conclusion of law and Plaintiff's interpretation of the Management Equity Agreement, not a statement of fact.

37. Denied as this is a conclusion of law, not a statement of fact.

38. It is admitted only that the language quoted in this Paragraph is set forth in the Management Equity Agreement.

39. Admitted. To the extent this statement constitutes a conclusion of law that the restrictive covenant is enforceable, such allegation is denied.

40. Denied as this is a conclusion of law and Plaintiff's interpretation of the Management Equity Agreement, not a statement of fact.

41. It is admitted only that the language quoted in this Paragraph is set forth in the Management Equity Agreement.

42. Denied. This is not an accurate recitation of the language in the Management Equity Agreement.

43. It is admitted only that the language quoted in this Paragraph is set forth in the Management Equity Agreement.

44. It is admitted only that the language quoted in this Paragraph is set forth in the Management Equity Agreement.

45. It is admitted only that the language quoted in this Paragraph is set forth in the Management Equity Agreement.

46. It is admitted only that the language quoted in this Paragraph is set forth in the Management Equity Agreement.

47. It is admitted only that the language quoted in this Paragraph is set forth in the Management Equity Agreement.

48. It is admitted only that the language quoted in this Paragraph is set forth in the Management Equity Agreement.

49. It is admitted only that the language quoted in this Paragraph is set forth in the Management Equity Agreement.

50. It is admitted only that the language quoted in this Paragraph is set forth in the Management Equity Agreement.

51. Admitted.

52. Admitted.

53. Denied as this paragraph is a conclusion of law and Plaintiff's interpretation of the Severance Agreement, not a statement of fact.

54. Denied as this paragraph is a conclusion of law and Plaintiff's interpretation of the Severance Agreement, not a statement of fact.

55. It is admitted only that the language quoted in this Paragraph is set forth in the Severance Agreement.

56. It is admitted only that the language quoted in this Paragraph is set forth in the Severance Agreement. The remainder of this paragraph is denied as it contains a conclusion of law and Plaintiff's interpretation of the Severance Agreement, not a statement of fact.

57. It is admitted that the language quoted in this paragraph is set forth in the Severance Agreement.

58. It is admitted that Defendant executed the Consulting Agreement. The language set forth in the Consulting Agreement speaks for itself and Plaintiff's characterization of the Consulting Agreement is denied.

59. Denied as this paragraph is a conclusion of law and Plaintiff's interpretation of the Consulting Agreement, not a statement of fact.

60. It is admitted that the language quoted in this paragraph is set forth in the Consulting Agreement.

61. It is admitted that Defendant began his position as Vice President of Wholesale for JWT in October of 2018. The remainder of this paragraph is denied as it is a conclusion of law.

62. Denied. To the contrary, Defendant had very little direct customer contact. *Dep. Tr. Orobono p. 71: 16-18.*

63. Denied. This is not a complete and accurate description of Defendant's role as Defendant never received a written job description, *Dep. Tr. Orobono p. 71: 18-23.*

64. Admitted. By way of further response, PetroChoice ceased selling Wynn's products in 2013.

65. Denied as this paragraph is a conclusion of law, not a statement of fact.

66. Denied as this paragraph is a conclusion of law, not a statement of fact. Plaintiff does not refer to any specific document or information exchanged by Plaintiff and Wynn's or what about the information constitutes a trade secret. This paragraph is based only upon Plaintiff's own self serving affidavit that lacks any specificity about the information purportedly exchanged.

67. Denied as this paragraph is a conclusion of law, not a statement of fact. Plaintiff does not refer to any specific document or information exchanged by Plaintiff and Valvoline or what about the information constitutes a trade secret. This paragraph is based only upon Plaintiff's own self-serving affidavit that lacks any specificity about the information purportedly exchanged.

68. It is admitted only that such information was on the PetroChoice system. It is denied that such information constitutes confidential information. *See Doc. No. 33, ¶93.*

69. Denied as this paragraph is a conclusion of law, not a statement of fact. *See Doc. No. 33, ¶94.*

70. Denied. *See Doc. No. 33, ¶95.*

71. Denied. *See Doc. No. 33, ¶96.*

72. Denied. It is denied that PetroChoice was not aware that Defendant had a username, password, and access to Microsoft 365 as part of PetroChoice's initiative to move away from Citrix. In fact, PetroChoice employees emailed Defendant through the Microsoft 365 platform during the course of his consulting term and Defendant responded to such emails through the same platform. *See Doc. No. 33, ¶97.*

73. Denied. *See Doc. No. 33, ¶98.*

74. Denied. To the contrary, PetroChoice employee Josh Shoenberger informed Defendant that he was authorized to access the Microsoft 365 platform as a consultant, which included access to the email server and PetroChoice files. *See Doc. No. 33, ¶99; see also Dep. Tr. Orobono p. 235: 8-21.*

75. Denied. *See Doc. No. 33, ¶100.*

76. Admitted in part, denied in part. It is admitted that Defendant did access PetroChoice's system on multiple occasions in August of 2019. Defendant cannot admit or deny such dates. It is denied that Defendant accessed PetroChoice's system without authorization. *See Doc. No. 33, ¶101.*

77. Denied. Defendant conducted said download in order to secure his own personal information and files contained on the PetroChoice network after requesting assistance with same from multiple PetroChoice employees. *See Doc. No. 33, ¶102.*

78. Denied as this is a conclusion of law, not a statement of fact. The files downloaded by Defendant are documents that speak for themselves.

79. Denied as this is a conclusion of law, not a statement of fact. By way of further response, this averment lacks documentary support and thus is denied.

80. Denied as this is a conclusion of law, not a statement of fact. By way of further response, this averment lacks documentary support and thus is denied.

81. Admitted in part, denied in part. Defendant admits that he utilized his PetroChoice issued username and password to log into PetroChoice's network in August of 2019. Defendant cannot confirm the dates of same. *See Doc. No. 33, ¶106.*

82. Denied. To the contrary, there is no evidence of record that Defendant made any attempt to target PetroChoice's chemical customers on behalf of JWT or directed any other JWT employee to target PetroChoice customers. *See Doc. No. 33, ¶138. See Dep. Tr. Fran Orobono p. 229: 21-24* ("I was not involved in soliciting customers. I really wouldn't know how to do that. I wasn't involved in meetings with Ed Yates or anything like that.").

83. It is denied that Defendant wrongfully accessed Plaintiff's systems. To the contrary, during the course of his employment and during the time Orobono acted as a consultant, PetroChoice allowed Orobono access to its computer system, first through Citrix and subsequently through Microsoft 365. *Dep. Tr. Orobono p. 235: 8-21.* It is admitted that the Kennedy Group ended its chemical supply account with PetroChoice. It is denied that it did so to purchase products from JWT. To the contrary, Ed Yates, prior to accepting employment with JWT, solicited PetroChoice's customer, the Kennedy Group to transfer their business from PetroChoice to the Wynn's line of automotive chemicals. *Dep. Tr. Orobono p. 225-227.* Mr. Yates has a long standing relationship with Scott Wister, who is the Director of Dealership Services for the Kennedy Group. *Id.*

84. Admitted.

85. Denied, this is not an accurate representation of Defendant's role at JWT.

86. Denied. It is denied that Defendant utilized any PetroChoice documents or information for any purpose outside of his employment or consulting relationship with PetroChoice. It is further denied that Defendant utilized any PetroChoice information to initiate a business relationship on JWT's behalf with Wynn's chemicals. *See Doc. No. 33, ¶109. See also*

*Response to Interrogatory No. 9 ("After the cessation of Defendant's Independent Contractor Term with PetroChoice, Defendant has not utilized any of PetroChoice's Proprietary Information for any purpose.").* It is further denied that Defendant initiated a business relationship on JWT's behalf with Wynn's chemicals. *Dep. Tr. Scott Williams p.* 29:8-23.

87. It is admitted only that Wynn's is a competitor of Valvoline. *See Doc. No. 33, ¶110.*

88. Denied as there is a lack of support in the record for this contention other than from Mr. Walker, who is not an employee of or affiliated with JWT.

89. Denied as there is a lack of support in the record for this contention other than from Mr. Walker, who is not an employee of or affiliated with JWT.

90. Denied. The statement of fact is denied. To the contrary, the evidence in this matter demonstrates that Mr. Orobono did not solicit for sale or sell any automotive chemicals to the Kennedy Group. More specifically, Ed Yates, prior to accepting employment with JWT, solicited PetroChoice's customer, the Kennedy Group to transfer its business from PetroChoice to the Wynn's line of automotive chemicals. *See Dep. Tr. Scott Williams, p. 25:14-24; p. 29:2-7; Dep. Tr. Orobono p. 223; p. 225:6-227:1.*

91. It is denied that Defendant caused PetroChoice to lose the Kennedy Group as a customer. To the contrary, Ed Yates, prior to accepting employment with JWT, solicited PetroChoice's customer, the Kennedy Group to transfer their business from PetroChoice to the Wynn's line of automotive chemicals. *Dep. Tr. Orobono p. 225-227.* Mr. Yates has a long standing relationship with Scott Wister, who is the Director of Dealership Services for the Kennedy Group. *Id.*

92. Denied as this paragraph contains a conclusion of law, not a statement of fact.

93. Denied. By way of further response, See Defendants Response in Opposition to Plaintiff's Motion for Sanctions, which is incorporated herein by reference.

94. Denied. *See Doc. No. 33, ¶119.*

95. It is denied that Defendant has utilized any information downloaded or accessed from PetroChoice. *See Doc. No. 33, ¶120; see also Defendant's Response to Interrogatory No. 9 ("After the cessation of Defendant's Independent Contractor Term with PetroChoice, Defendant has not utilized any of PetroChoice's Proprietary Information for any purpose.").*

96. It is denied that the testimony cited by Plaintiff supports the averment in this paragraph. Defendant is unable to confirm or deny this averment.

97. Denied as this paragraph is a conclusion of law, not a statement of fact. By way of further response, Plaintiff and JWT entered into a confidential agreement, to which Defendant does not have access, wherein JWT's participation in this industry is addressed.

98. Denied as this paragraph is a conclusion of law, not a statement of fact. By way of further response, it is denied that Defendant has led a competitive endeavor against Plaintiff. *See Doc. No. 33, ¶138.  See Dep. Tr. Fran Orobono p. 229: 21-24 ("I was not involved in soliciting customers. I really wouldn't know how to do that. I wasn't involved in meetings with Ed Yates or anything like that.").*

99. Admitted in part, denied in part. It is admitted that Defendant remains employed by JWT as Vice President of Wholesale. It is denied that Defendant remains in possession of any PetroChoice's documents.  Plaintiff's averment that any documents constitute trade secrets is denied as a conclusion of law. *See Doc. No. 33, ¶109. See also Response to Interrogatory No. 9 ("After the cessation of Defendant's Independent Contractor Term with PetroChoice, Defendant has not utilized any of PetroChoice's Proprietary Information for any purpose.").* It is further

denied that Defendant initiated a business relationship on JWT's behalf with Wynn's chemicals.

*Dep. Tr. Scott Williams p.* 29:8-23.

                                    **LAMB McERLANE PC**

June 29, 2021                BY:  *s/Mary-Ellen H. Allen*
                                          Joel L. Frank
                                          I.D. No. 46601
                                          Mary-Ellen H. Allen
                                          I.D. No. 83885
                                          24 East Market Street
                                          Post Office Box 565
                                          West Chester, PA  19381-0565
                                          610-430-8000
                                          jfrank@lambmcerlane.com
                                          mallen@lambmcerlane.com