IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------x

PETROCHOICE HOLDINGS, INC.
            Plaintiff,

- against -

FRANCIS S. OROBONO, JR.,

           Defendant.

------------------------------------x

<u>CIVIL ACTION</u>

No. 19-6152-JMG

**PLAINTIFF PETROCHOICE HOLDINGS, INC.'S**
<u>**MOTION TO FILE DOCUMENTS UNDER SEAL**</u>

      Pursuant to Local Rule 5.1.5(a)(2), Plaintiff PetroChoice Holdings, Inc.'s ("PetroChoice") respectfully moves this Court for an Order permitting PetroChoice to file under seal certain confidential documents and exhibits in support of its reply to defendant's response to Motion for Summary Judgment (the "Reply"). In support of its request, PetroChoice states as follows:

      1.     On December 27, 2019, PetroChoice filed a Complaint alleging misappropriation of PetroChoice's trade secrets pursuant to the federal Defend Trade Secrets Act, 18 U.S.C. § 1831, et seq., misappropriation of PetroChoice's trade secrets pursuant to the Pennsylvania Uniform Trade Secrets Act, breach of contract (Management Equity Agreement, Separation Agreement and General Release, and Consulting Agreement), breach of the duty of loyalty, tortious interference with contract, intentional interference with prospective contractual relations, conversion, and unjust enrichment against the Defendant.

      2.     Plaintiff has produced multiple records at issue in this litigation as "Highly Confidential - Attorney Eye's Only" that are currently the subject of a Special Master Proceeding instituted by this Court. These records include compilations of contracts, customer lists, price lists, and other tightly held information.

3. Additionally, a third party has produced records that they have designated as Highly Confidential and Attorney Eye's Only that PetroChoice wishes to submit as an exhibit to the Reply.

4. Although there is a presumptive right of public access to judicial proceedings and records, district courts have recognized that such right is not absolute; and further that the presumption may be rebutted. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001); *see also Zurich Am. Ins. Co. v. Rite Aid Corp.*, 345 F. Supp. 2d 497, 500 (E.D. Pa. 2004) (*citing Cendant*, 260 F.3d at 192).

5. To overcome the presumption of openness, and to justify the entry of an order sealing judicial records, the moving Party must demonstrate (1) a substantial and compelling interest in confidentiality; and (2) that divulgence would work a clearly defined and serious injury to the party seeking confidentiality. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).

6. Once the movant establishes the foregoing two elements, a district court will engage in a balancing process, pursuant to which the court will weigh the common law presumption of access against those factors that militate against access. *In re Cendant Corp.*, 260 F.3d at 194; *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.3d 653, 662 (3d Cir. 1991) (a presumption of access alone does not end the court's inquiry as the right to access judicial records is not absolute; indeed, a "presumption is just that" and may therefore be rebutted).

7. Third Circuit courts will grant motions to seal various trade secrets or other confidential research, development, or commercial information to prevent harm to a litigant's competitive standing in the marketplace. *See Westinghouse,* 949 F.2d at 662; *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,* 529 F. Supp. 866, 889–91 (E.D. Pa. 1981); *see also Littlejohn,* 851 F.2d at 678 ("Despite the presumption [of public access], courts may deny access to judicial

records, for example, where they are sources of business information that might harm a litigant's competitive standing.") (*citing Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978)).

8. PetroChoice believes good cause exists to file the following exhibits to their Reply in Response to the Motion for Summary Judgment under seal, as identified by their beginning bates numbers: PHC000600 (attached hereto as Exhibit 10); PHC000648 (attached hereto as Exhibit 11); PHC000863 (attached hereto as Exhibit 12); PHC000864 (attached hereto as Exhibit 13); PHC000847 (attached hereto as Exhibit 14); and PHC000252 (attached hereto as Exhibit 15).

9. Exhibit 10 contains confidential and highly sensitive compilations of pricing information and high-level business strategies that constitute trade secrets under Pennsylvania law. *See Freedom Medic. Inc. v. Whitman*, 343 F. Supp. 3d 509, 519 (E.D. Pa. 2018). Exhibit 10 therefore qualifies for trade secret protection from the Court and should be filed under seal. *In re Lamictal Direct Purchasers Antitrust Litig.*, 2016 U.S. Dist. LEXIS 186574, at *5.

10. Exhibit 11 contains confidential and highly sensitive compilations of sales histories, customer identifications, pricing structures, and profit margins that all constitute trade secrets under Pennsylvania law. *See Whitman*, 343 F. Supp. 3d at 519. Exhibit 11 therefore qualifies for trade secret protection from the Court and should be filed under seal. *Lamictal Direct*, 2016 U.S. Dist. LEXIS 186574, at *5.

11. Exhibit 12 contains confidential and highly sensitive compilations of customer lists and contact information that constitute trade secrets under Pennsylvania law. *See Whitman*, 343 F. Supp. 3d at 519. Exhibit 12 therefore qualifies for trade secret protection from the Court and should be filed under seal. *Lamictal Direct*, 2016 U.S. Dist. LEXIS 186574, at *5.

12. Exhibit 13 contains confidential and highly sensitive compilations of pricing information and pricing strategies that constitute trade secrets under Pennsylvania law. *See*

*Whitman*, 343 F. Supp. 3d at 519.  Exhibit 13 therefore qualifies for trade secret protection from the Court and should be filed under seal.  *Lamictal Direct*, 2016 U.S. Dist. LEXIS 186574, at *5.

13. Exhibit 14 contains confidential and highly sensitive customer lists, compilations of contact information, revenue and lists of products sold to each customer that constitute trade secrets under Pennsylvania law.  *See Whitman*, 343 F. Supp. 3d at 519.  Exhibit 14 therefore qualifies for trade secret protection from the Court and should be filed under seal.  *Lamictal Direct*, 2016 U.S. Dist. LEXIS 186574, at *5.

14. Exhibit 15 contains confidential and highly sensitive financial information belonging to PetroChoice that constitute trade secrets under Federal and Pennsylvania law.  *See* 18 U.S.C. § 1839(3); 12 Pa. Cons. Stat. § 5302 (2021).  Exhibit 15 therefore qualifies for trade secret protection from the Court and should be filed under seal.  *Lamictal Direct*, 2016 U.S. Dist. LEXIS 186574, at *5.

15. There is no less restrictive alternative to PetroChoice's trade secrets.  Indeed, redaction of these Exhibits would render them unreadable.  Thus, filing the exhibits completely under seal is the appropriate method of protection.

16. PetroChoice would suffer irreparable harm if this information was publicly disclosed.  Indeed, compilations of customer and pricing information, financial data, and other commercially sensitive statistics are the precise types of information that Courts will protect to avoid substantial harm to the owner of the information.  The threatened disclosure of trade secrets and other confidential commercial information is the precise type of disclosure that may cause irreparable harm.  *See Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d App. 1984).  Third parties could certainly use each of these Exhibits to PetroChoice's detriment.

17. Specifically, third parties could exploit PetroChoice's customer lists and pricing strategies to gain an unfair advantage and utilize the information that PetroChoice has expended immense efforts and expenditures to develop to steal PetroChoice's customers at no cost to the third party. Furthermore, third parties could use this information to undercut PetroChoice's competitive standing in the marketplace. These injuries would be substantial and significantly outweigh any interest the public has in visibility to court proceedings.

WHEREFORE, for good cause shown, PetroChoice respectfully request the Court grants plaintiff's request to file Exhibits 10 through 15 under seal.

Dated this 20th day of July, 2021.                    Respectfully Submitted,

                                        LEWIS BRISBOIS BISGAARD & SMITH LLP

                                        By: /s/ *Kayla Dawn Dreyer*
                                              Steven D. Urgo, ID No. 62773
                                              550 E. Swedesford Road, Suite 270
                                              Wayne, Pennsylvania 19087
                                              Telephone: 215.977.4078
                                              steven.urgo@lewisbrisbois.com

                                              Jon Jay Olafson
                                              1700 Lincoln Street, Suite 4000
                                              Denver, CO 80203
                                              Telephone: 303.861.7760
                                              Jon.Olafson@lewisbrisbois.com

                                              Kayla Dawn Dreyer
                                              1700 Lincoln Street, Suite 4000
                                              Denver, CO 80203
                                              Telephone: 303.861.7760
                                              Kayla.Dreyer@lewisbrisbois.com

                                              *Attorneys for Plaintiff PetroChoice Holdings, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of July, 2021, the undersigned served the foregoing **PETROCHOICE HOLDINGS, INC.'S MOTION TO FILE DOCUMENTS UNDER SEAL** upon counsel via ECF:

Joel L. Frank
Lamb McErlane PC
24 East Market Street
P.O. Box 565
West Chester, PA 19381-0565
jfrank@lambmcerlane.com

Mary-Ellen H. Allen
Lamb McErlane PC
24 East Market Street
P.O. Box 565
West Chester, PA 19381-0565
mallen@lambmcerlane.com
mallen@chescolaw.com

                                            /s/    *Kayla Dawn Dreyer*
                                              *A duly signed original is on file at the*
                                              *Law Offices of LEWIS BRISBOIS*